**STATE of Alaska, Petitioner,**

v.

**June BECKLEY, Respondent.**

**No. 2277.**

Supreme Court of Alaska.

Oct. 14, 1974.

Stephen G. Dunning, Asst. Dist. Atty., Joseph D. Balfe, Dist. Atty., Anchorage, Norman C. Gorsuch, Atty. Gen., Juneau, for petitioner.

Duncan C. Webb, Anchorage, for respondent.

Before RABINOWITZ, Chief Justice, and CONNOR, ERWIN, BOOCHEVER and FITZGERALD, Justices.

## OPINION

PER CURIAM.

In this case, the State of Alaska petitions for review of an order of the trial court granting Beckley's motion to suppress the admission into evidence of narcotic drugs on the grounds that the drugs had been illegally seized under an invalid search warrant. Her motion to dismiss the indictment based on the presentation of the allegedly illegally seized evidence before the grand jury was also granted.

Because the orders from which the petition was taken affected a substantial right in the action which, in effect, terminates the proceeding and discontinues the action, and for the reason that the sound policy behind the general rule of requiring appeals to be taken only from final judgments is outweighed by the claim of the individual case that justice demands a

present and immediate review of the orders, we grant review.[1]

The search warrant here in question was issued upon the sworn testimony of Officer McCoy. He stated that on three separate occasions, October 31, November 3 and November 28, 1973, he and another officer strip-searched Bernard Lono prior to transporting him to a place close to the Beckley residence located at 1412 Kinnickinnick Street. On each occasion, he observed Lono enter and shortly thereafter emerge from the Beckley residence which McCoy had had under constant surveillance. On two occasions, after leaving the Beckley residence, Lono surrendered heroin to McCoy. On the third occasion, Lono handed over a mixture of amphetamines and cocaine. McCoy's testimony was given before the district court on November 30, 1973, and a search warrant was issued to search the residence known as 1412 Kinnickinnick Street.

McCoy also testified that Lono told him that he purchased the drugs at that residence, making the purchase on one occasion from Dean Beckley, the second time from Dean Beckley and Davis Stone and a third time from June Beckley.

■ The trial judge found there was probable cause to search the persons of the Beckleys but not to search the residence. He based his decision on dicta in the case of United States v. Di Re.[2] In that case, the police had information that the owner of an automobile was selling counterfeit gasoline ration coupons. On going to the automobile, the police found the owner and a passenger in the automobile. The passenger was arrested without a warrant and taken to the police station where a search of his person disclosed counterfeit gasoline coupons. The Supreme Court held that whether or not there was a right to search the automobile under authority of the decision in Carroll v. United States,[3] it did not justify a search of the person of the passenger.

Reasoning that since the right to search an automobile did not give a right to search the passenger, the trial judge in the case before us concluded that the testimony of Officer McCoy was grounds for search of the persons of the Beckleys but not of the premises.

We find, however, that the sworn testimony of Officer McCoy based upon McCoy's personal observations and without reliance upon the hearsay testimony as to Lono's statements [4] gave probable cause to believe that contraband would be found on the premises from which Bernard Lono had apparently secured illegal drugs on three separate occasions.[5] Consequently, the search warrant was properly issued for a search of the premises.

1. Appellate Rule 23 provides in part:
    An aggrieved party, including the State of Alaska, may petition this court as set forth in Rule 24 to be permitted to review any order or decision of the superior court, not otherwise appealable under Rule 5, in any action or proceeding, civil or criminal as follows:

  .    .    .    .    .

    (c) From any order affecting a substantial right in an action or proceeding which either (1) in effect terminates the proceeding or action and prevents a final judgment therein; or (2) discontinues the action; . . .
Appellate Rule 24(a)(2) provides:
    (a) A review is not a matter of right, but will be granted only: . . . (2) where the sound policy behind the general rule of requiring appeals to be taken only from final judgments is outweighed by the claim of the individual case that justice demands a present and immediate review of a particular non-appealable order or decision; . . .

2. 332 U.S. 581, 68 S.Ct. 222, 92 L.Ed. 210 (1948).

3. 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925).

4. We accordingly need not consider the question of the use of hearsay in securing a search warrant which we dealt with in Harrelson v. State, 516 P.2d 390 (Alaska 1973) and Davis v. State, 499 P.2d 1025 (Alaska 1972).

5. Harrelson v. State, 516 P.2d 390, 396 (Alaska 1973); see also Martel v. State, 511 P.2d 1055 (Alaska 1973); State v. Davenport, 510 P.2d 78 (Alaska 1973).

The trial judge dismissed the indictment on the basis of the presentation to the grand jury of the evidence secured as a result of the search. Since we find that the search warrant was properly issued, it follows that the order dismissing the indictment must be overruled. We accordingly overrule the orders from which this petition has been taken and remand the case for further proceedings under the indictment.