Argued July 5, affirmed September 27, petition for writ of error allowed October 25, 1927.

# STATE *v.* F. M. RING.

(259 Pac. 780.)

**Judges—Affidavit of Prejudice to Secure Change of Judge Filed Thirty-nine Days After Arraignment and Plea of not Guilty Held Too Late Notwithstanding Subsequent Withdrawal of Plea and Interposition of Demurrer (Or. L., § 45—2, as Amended by Laws 1925, p. 218).**

1. Under Section 45—2, Or. L., as amended by Laws of 1925, page 218, requiring affidavit by party moving for change of judge to be filed at any time prior thereto or within one day after action, is at issue on question of fact, such affidavit, filed thirty-nine days after arraignment and plea of not guilty, was too late, although plea was subsequently withdrawn and demurrer interposed.

**Criminal Law—District Attorney may Appoint Deputies and Permit Other Counsel to Assist Him.**

2. District attorney may not abrogate his office or neglect his official duties, but he may appoint deputies and permit other counsel to assist him.

**Criminal Law—District Attorney's Permitting Other Counsel to Assist Him in Prosecution of Pilot Violating Statute Held not to Constitute Reversible Error (Or. L., § 2189).**

3. District attorney's permitting another attorney to assist him in prosecuting pilot, under Section 2189, Or. L., for piloting foreign vessel without state license, did not constitute reversible error.

**Criminal Law—Clearance Papers are Competent Evidence of Vessel's Destination.**

4. Clearance papers are competent evidence of destination of vessel.

**Criminal Law—Entry Papers are Evidence of Port from Which Vessel Came.**

5. Entry papers are competent evidence of port from which vessel came.

**Criminal Law—In Prosecution for Piloting Foreign Vessel Without State License, Admitting Certified Copy of Clearance and Entry Papers to Show Vessel was Foreign Held Proper (Or. L., § 2189).**

6. In prosecution under Section 2189, Or. L., for piloting foreign vessel without state license, admitting certified copy of clearance and entry papers to show vessel was foreign *held* proper.

**Pilots—Evidence of Name and Port Painted on Stern of Vessel Held Admissible to Show to What Port She Belongs, in Prosecution for Piloting Foreign Vessel Without State License (Or. L., § 2189).**

7. Evidence of name and port painted on stern of vessel is admissible to show to what port she belongs, and oral testimony in prosecution under Section 2189, Or. L., for piloting foreign vessel without state license, that vessel was foreign one, was competent.

**Pilots—Holder of Government Pilot's License may be Prosecuted for Piloting Foreign Vessel Without State License (Or. L., § 2189).**

8. Holder of United States government pilot's license may be prosecuted under Section 2189, Or. L., for piloting foreign vessel without state license.

**Pilots—Statute Penalizing Piloting Foreign Vessel Without State License Held not Unconstitutional (Or. L., § 2189; Const. U. S., Art. VI.).**

9. Section 2189, Or. L., penalizing one piloting foreign vessel without state license, is not void as contravening Constitution of the United States, Article VI.

**Constitutional Law—Statute Penalizing Piloting Foreign Vessel Without State License Held not Unconstitutional (Or. L., § 2189; Const. U. S. Amend. 14).**

10. Section 2189, Or. L., penalizing one piloting foreign vessel without state license, is not void as contravening Constitution of the United States, Amendment 14.

**Pilots—So Much of State Statute Relating to Requirements for Pilot's License as Conflicts With Federal Statute Held Inoperative (Or. L., § 2189; 46 U. S. C. A., § 215, and § 361 et seq.).**

11. So much of Section 2189, Or. L., relating to requirements for pilot's license, as conflicts with Revised Statutes of the United

---

10. See 24 R. C. L. 1181.

States, Title LII, Chapter 1 (Section 4399 et seq. [46 U. S. C. A., § 361 et seq.; U. S. Comp. Stats., § 8151 et seq.]), and Section 4444, of the Revised Statutes (46 U. S. C. A., § 215 [U. S. Comp. Stats., § 8206]), is inoperative, and notwithstanding such statute is broad enough to cover that part of pilot regulations assumed by Congress, it, as whole, is not to be rendered voidable, part left to state being easily segregated from that assumed by Congress.

**Pilots—One Piloting Enrolled Vessel Doing Coastwise Trade must have Government License (46 U. S. C. A., § 364).**

12.   Under Revised Statutes of the United States, § 4401 (46 U. S. C. A., § 364 [U. S. Comp. Stats., § 8153]), one piloting enrolled vessel doing coastwise trade must have government license.

**Commerce—Piloting Vessels is Part of Commerce Over Which Congress may Exercise Exclusive Jurisdiction, but It may Take Over Part and Leave Remainder for State Control.**

13.   Piloting vessels is part of commerce over which Congress may exercise exclusive jurisdiction, but it may take over such part as it sees fit and leave remainder to be controlled by several states.

---

Criminal Law, 16 **C. J.**, p. 612, n. 81 New, p. 739, n. 87.
District and Prosecuting Attorneys, 18 **C. J.**, p. 1335, n. 23, p. 1336, n. 44.
Evidence, 22 **C. J.**, p. 809, n. 97.
Judges, 33 **C. J.**, p. 1013, n. 38, p. 1014, n. 41 New, 50 New.
Pilots, 30 **Cyc.**, p. 1609, n. 2, 3, p. 1612, n. 25 New.
Statutes, 36 **Cyc.**, p. 969, n. 91, p. 976, n. 27.

From Clatsop: J. A. EAKIN, Judge.

Department 1.

Defendant was convicted in the Circuit Court for Clatsop County of piloting a foreign vessel under register without having a state license therefor. He was sentenced to pay a fine of $500 and has appealed from the judgment. He was indicted under Or. L., Section 2189. There was practically no dispute as to the facts. Defendant had a government license. The several assignments of error will be treated in the order in which they have been presented in defendant's brief.          AFFIRMED.

---

12.   See 24 **R. C. L.** 1185.
13.   State regulation of pilots, see note in 27 **Am. St. Rep.** 557. See, also, 24 **R. C. L.** 1179.

For appellant there was a brief over the names of *Mr. Dan E. Powers* and *Mr. Thomas Mannix,* with an oral argument by *Mr. Mannix.*

For respondent there was a brief and oral arguments by *Mr. G. C. Fulton* and *Mr. F. P. Leinenweber,* District Attorney.

COSHOW, J.—1. Defendant assigns as error the order of the court denying his application to have another judge preside at his trial. His application was based upon an affidavit of prejudice made by the defendant, Captain Ring. Defendant was arraigned and pleaded not guilty to the indictment on January 14, 1927. His plea of not guilty joined an issue of fact. On the twenty-third day of February, 1927, defendant moved for a change of judges. Section 45—2, Or. L., as amended by Chapter 143, Laws of 1925, prescribes that the affidavit relied upon by the party moving for a change of judge "shall be filed * * at any time prior thereto or within one day after such action * * is at issue upon a question of fact * * . " Defendant did not file his motion and affidavit of prejudice until 39 days after his case was at issue on a question of fact. The affidavit of prejudice was not filed in time, therefore. The fact that defendant was afterward permitted to withdraw his plea and interpose a demurrer could not destroy the effect of his plea of "not guilty" as far as the motion for a change of judges is concerned.

2, 3. Defendant next complains because Mr. G. C. Fulton assisted the district attorney in the prosecution of the defendant. The prosecuting attorney would not be permitted to abrogate his office or neg-

lect his official duties. He has the authority, however, to appoint deputies and may permit other counsel to assist him. The record in this case discloses that at the trial of the case the State of Oregon appeared by its district attorney and G. C. and A. C. Fulton, assistants to the district attorney. It has been the practice in this state from the earliest days for a district attorney to permit other counsel than his deputies to assist in the prosecution of criminal cases. These is nothing in the record that indicates that the district attorney of Clatsop County in the instant case abrogated or neglected his duty. The records showing the appearance of the district attorney have not been impeached. There is no showing that counsel who assisted the district attorney committed any error or by his conduct or language to any degree prejudiced the defendant. The attorney assisting the district attorney contributed nothing to the guilt or innocence of the defendant. There is no merit in defendant's contention regarding the assistance rendered the district attorney by Mr. Fulton.

4–7. Defendant complains because the state was permitted to prove by oral testimony and by a certified copy of clearance and entry papers that the ship piloted by defendant was a foreign vessel. Clearance papers are competent evidence of the destination of a vessel. The entry papers would likewise be evidence of the port from which the vessel came: 4 Jones on Evidence (2 ed.), p. 3120 et seq., § 1701. Evidence of the name and port painted on the stern of a vessel is admissible to show to what port she belongs: 24 R. C. L. 1042, § 25. The oral testimony, therefore, of the witness to the effect the vessel was foreign was competent.

8. There seems to have been no real effort of the party defendant to meet the testimony of the state. Defendant practically admits and concedes that he piloted a foreign vessel down the Columbia River. He justified his conduct by the fact that he had a government license.   The record as it comes here presents to us the question of whether or not the state has the authority to compel a pilot to take a state license when he has a government license.   We think this very question was fully determined in *Anderson* v. *Pacific Coast Steamship Co.,* 225 U. S. 187 (56 L. Ed. 1047, 32 Sup. Ct. Rep. 626), and *State* v. *Turner,* 34 Or. 173 (55 Pac. 92, 56 Pac. 645).   We can conceive of no reason why we should disturb the ruling in the latter case and have no power to change or modify the decision of the Supreme Court of the United States in the former.

9–12. Defendant urges that said Section 2189, Or. L., is unconstitutional and void, alleging that it contravenes the 6th and 14th amendments of the United States Constitution; also that it contravenes Section 4444, Revised Satutes of the United States.   These contentions have been determined against defendant in *State* v. *Turner,* 34 Or. 173 (55 Pac. 92, 56 Pac. 645); *Wilmington Transp. Co.* v. *California R. R. Com.,* 236 U. S. 151, 153–155 (59 L. Ed. 508, 35 Sup. Ct. Rep. 276); *Anderson* v. *Pacific Coast Steamship Co.,* 225 U. S. 187 199 et seq. (56 L. Ed. 1047, 32 Sup. Ct. Rep. 626); *Crescent Mfg. Co.* v. *Wilson,* 233 Fed. 282, 284; *Commonwealth* v. *Kemp,* 254 Mass. 190 (150 N. E. 172).   It would not be helpful to the profession to re-state the reasons assigned, both by this court and the United States Supreme Court, for sustaining the validity of such legislation

as said Section 2189, Or. L. So much of that section as conflicts with said Section 4444, Revised Statutes, is inoperative. The statute is not uncertain. A pilot of ordinary intelligence can readily determine from Section 2189, Or. L., and Section 4444, United States Revised Statutes, when he will require a state license and when a government license. If the vessel is foreign or sailing under register he must have a state license. If it is an enrolled vessel doing coastwise trade he must have a government license: Section 4401, Rev. Stats.

13. Piloting vessels is a part of commerce over which the Congress may exercise exclusive jurisdiction. The Congress is not obliged, however, to take over the entire regulation of such commerce. At the time our federal Constitution was adopted and ratified, piloting was regulated by the several states forming our Union. The Congress could have left the entire matter with the states. It can take over such part of it as in its wisdom seems best and leave the remainder to be controlled by the several states. Notwithstanding said Section 2189, Or. L., is broad enough to cover that part of pilot regulations assumed by the Congress, yet the entire statute is not thereby rendered voidable because the part left to the state is easily segregated from the part assumed by the Congress. The Revised Statutes, Section 4444, contains this sentence:

"Nothing in this Title shall be construed to annul or affect any regulation established by the laws of any State requiring vessels entering or leaving a port in any such State, other than coastwise steam vessels, to take a pilot duly licensed or authorized by the laws of such State, or of a State situate upon the waters of such State."

So much of said Section 2189 as conflicts with Title LII, Chapter 1, Revised Statutes, is dormant and unenforceable, but is not unconstitutional.

The judgment is affirmed.

AFFIRMED. PETITION FOR WRIT OF ERROR ALLOWED.

RAND, C. J., and McBRIDE, J., concur.