**AI TRUNNEL, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 2340.**

Supreme Court of Alaska.

May 27, 1975.

---

Duncan C. Webb, Webb & Dawson, Anchorage, for appellant.

Joseph D. Balfe, Dist. Atty., Anchorage, Avrum Gross, Atty. Gen., Juneau, for appellee.

Before RABINOWITZ, Chief Justice, and CONNOR, ERWIN, BOOCHEVER and BURKE, Justices.

## OPINION

PER CURIAM.

█ Trunnel contends that the issuing magistrate had no probable cause to issue a search warrant by virtue of which the police entered and searched premises known as 1412 Hyder in Anchorage, Alaska. Trunnel moved to quash the search warrant and to suppress the evidence obtained in the search. Trunnel was found guilty of possession of narcotic drugs in violation of AS 17.10.010 pursuant to a plea of no contest.[1]

It is contended on this appeal that the officer erroneously identified the building involved as a residence whereas it was actually a private club known as Northwest Private Club, Inc. It is further alleged that the police officer testified before the issuing magistrate that the informant was under his constant observation whereas he was out of the officer's sight when in the building. While it is true that the police officer answered affirmatively a question from the District Attorney that the informant was under constant observation, he also testified that on each of three occasions the informant entered the premises at 1412 Hyder and then exited from the building after periods of time varying from five to ten minutes. It is obvious that the officer was referring to observing the informant after he was strip searched and before and after he entered the building. The alleged misstatements under these circumstances can hardly be regarded as material, nor can the designation of the premises as a residence affect the validity of the warrant. There is no question as to the identity of the building in question, and it is immaterial whether it was used as a residence or private club.

█ The officer testified that the informant was strip searched before entering the premises on each of the three occasions and was furnished with money by the police with which to make purchases. On each of the occasions upon exiting the premises, he was found to have heroin. There was then probable cause for the magistrate to issue the search warrant.[2]

Affirmed.

---

1. We have previously held that a defendant may preserve a limited right of appeal despite a plea of nolo contendere in cases such as this one where the negotiated plea was expressly conditioned on the right to appeal a specific issue which had been fully litigated below. Cooksey v. State, 524 P.2d 1251, 1255–56 (Alaska 1974).

2. State v. Beckley, 527 P.2d 33 (Alaska 1974).