**Ernest C. MORGAN, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 5057.**

Supreme Court of Alaska.

Oct. 30, 1981.

Richard F. Deuser, Angstman Law Office, Bethel, for appellant.

Victor C. Krumm, Dist. Atty., Ketchikan, and Avrum M. Gross, Atty. Gen., Juneau, for appellee.

Before RABINOWITZ, C. J., CONNOR, BURKE and MATTHEWS, JJ., and DIMOND, Senior Justice.*

## OPINION

RABINOWITZ, Chief Justice.

Morgan has appealed the superior court's denial of his motion to withdraw his pleas of guilty to charges of assault and battery, assault with a dangerous weapon, and assault with intent to rape. The motion was based on assertions that the pleas were involuntary and that the superior court was without jurisdiction to accept the pleas, because Morgan had filed a peremptory disqualification of the judge, which motion had been improperly denied. Morgan has appealed this latter peremptory disqualification issue.

The relevant facts are as follows: on the evening of April 20, 1978, Morgan and his wife attacked M. P., a local Bethel woman, in a prolonged episode of torture and repeated rapes lasting several hours. At the time, Morgan had been released on his own recognizance pending sentencing on another matter, a conviction of lewd and lascivious acts toward a child; he was to turn himself in on April 21 for a psychiatric evaluation to assist the superior court in sentencing. He did so, and was charged with the rape of M. P. He was arraigned the following day, April 22, before a local magistrate, at which time his attorney waived formal advising of rights. The arraignment was continued for a further hearing before Judge Cooke (acting as district court judge) on April 24. At this further hearing before Judge Cooke, bail was set and a preliminary hearing scheduled for April 28, again before Judge Cooke.

This preliminary hearing on the rape complaint was never held, since Morgan was, on the April 28 date scheduled for the hearing, in Anchorage undergoing the court-ordered psychiatric examination based on the earlier lewd and lascivious acts conviction. On May 4, Morgan moved for dismissal of the rape complaint for failure to hold a preliminary hearing within ten days. This motion was taken under advisement.

The motion was never decided, because the grand jury indicted Morgan on charges of rape, assault and battery, assault with a dangerous weapon, and assault with intent to commit rape, all stemming from his attack on M. P. This indictment was on May 10 before Judge Cooke, now acting as superior court judge.[1] During this arraignment, Morgan's attorney orally moved to peremptorily disqualify Judge Cooke. The judge reserved ruling, directing Morgan's attorney to file a written motion. On May 11, Judge Cooke signed an omnibus hearing order assigning himself to the trial of the case. Morgan's written disqualification motion was not filed until May 18, and Judge Cooke denied the motion on the ground of untimeliness. A petition for review of this issue was denied by this court, with Justice Matthews dissenting.

Subsequently, Morgan pled guilty to three of the four charges (assault and battery, assault with intent to rape, and assault with a dangerous weapon) the day the trial was scheduled to begin.

Thereafter, represented by new counsel, Morgan filed a motion to withdraw his guilty pleas, asserting, inter alia, that the superior court had wrongfully denied his peremptory disqualification motion, and thereafter lacked jurisdiction to accept the guilty pleas. The superior court denied this motion, and Morgan was then sentenced to

---

* DIMOND, Senior Justice, sitting by assignment made pursuant to article IV, section 16 of the Alaska Constitution.

1. The Clerk of Court issued the calendaring order for the May 10 arraignment on May 8. The order indicated that the trial would be assigned to Judge Cooke as a superior court judge.

eight years' imprisonment on each felony and six months on the misdemeanor, all to run concurrently. Morgan has also appealed the sentence on grounds that it is excessive and that it violates the prohibition against double jeopardy.

■ Initially, we note that motions to withdraw pleas of guilty or nolo contendere are governed by Criminal Rule 32(d),[2] which established that withdrawal is a matter of right if it is necessary to correct manifest injustice. This is true whether the motion is made before or after sentencing, if it is made with "due diligence." Motions to withdraw pleas made prior to sentencing may also be granted in the court's discretion on the additional ground that there is a "fair and just reason" for allowing withdrawal "unless the prosecution has been substantially prejudiced by reliance upon the defendant's plea." This motion was made prior to Morgan's sentencing, and thus could be granted either as a matter of right if "manifest injustice" is shown, or as a matter of discretion if a "fair and just reason" is shown which is not outweighed by the prejudice to the prosecution. The superior court found that there was no fair and just reason for allowing withdrawal,

and also that the prejudice to the state would be significant.

Initially, we must determine whether Morgan's motion to peremptorily disqualify (notice of change of judge) was properly denied as untimely; if so, then the denial of the motion to withdraw the plea was clearly correct. If not, then we must reach the further question of whether an improper denial of peremptory disqualification is waived by a guilty plea unless affirmatively preserved, or whether it is a "jurisdictional" issue which cannot be waived by a plea of guilty. Having resolved these questions, we must then apply the Rule 32 tests to determine whether the motion to withdraw the plea should have been granted.

■ The substantive right to a peremptory challenge is granted by AS 22.20.022, which provides in relevant part:

> *Peremptory disqualification of a superior court judge.* (a) If a party or his attorney in a district court action or a superior court action, civil or criminal, files an affidavit alleging under oath that he believes that he cannot obtain a fair and impartial trial, the presiding district

2. Alaska R.Crim.P. 32(d) [now Rule 11(h)] provides:

    (d) *Plea Withdrawal.*

    (1) The court shall allow the defendant to withdraw his plea of guilty or nolo contendere whenever the defendant, upon a timely motion for withdrawal, proves that withdrawal is necessary to correct manifest injustice.

    (i) A motion for withdrawal is timely and is not barred because made subsequent to judgment or sentence if it is made with due diligence.

    (ii) Withdrawal is necessary to correct a manifest injustice whenever the defendant demonstrates that:

    (aa) He was denied the effective assistance of counsel guaranteed to him by constitution, statute or rule, or

    (bb) The plea was not entered or ratified by the defendant or a person authorized to so act in his behalf, or

    (cc) The plea was involuntary, or was entered without knowledge of the charge or that the sentence actually imposed could be imposed, or

    (dd) He did not receive the charge or sentence concessions contemplated by the plea agreement, and

    (A) the prosecuting attorney failed to seek or opposed the concessions promised in the plea agreement, or

    (B) after being advised that the court no longer concurred and after being called upon to affirm or withdraw his plea, he did not affirm his plea.

    (iii) The defendant may move for withdrawal of his plea without alleging he is innocent of the charge to which the plea has been entered.

    (2) Once the plea has been accepted by the court and absent a showing that withdrawal is necessary to correct a manifest injustice, a defendant may not withdraw his plea of guilty or nolo contendere as a matter of right. Before sentence, the court may in its discretion allow the defendant to withdraw his plea for any fair and just reason unless the prosecution has been substantially prejudiced by reliance upon the defendant's plea.

    (3) A plea of guilty or nolo contendere which is not accepted or has been withdrawn shall not be received against the defendant in any criminal proceedings.

court or superior court judge, respectively, shall at once, and without requiring proof, assign the action to another judge of the appropriate court in that district, or if there is none, the chief justice of the supreme court shall assign a judge for the hearing or trial of the action. The affidavit shall contain a statement that it is made in good faith and not for the purpose of delay.

(b) No judge or court may punish a person for contempt for making, filing or presenting the affidavit provided for in this section, or a motion founded on the affidavit.

(c) The affidavit shall be filed within five days after the case is at issue upon a question of fact, or within five days after the issue is assigned to a judge, whichever event occurs later, unless good cause is shown for the failure to file it within that time.

(d) No party or his attorney may file more than one affidavit under this section in an action and no more than two affidavits in an action.

The procedures for exercising this right of peremptory disqualification are governed solely by the applicable rule. For criminal matters, this is Criminal Rule 25, which contains the following provision concerning time limitations:

(d)(2) *Procedure.* At the time required for filing the omnibus hearing form, or within five days after a judge is assigned

the case for the first time, a party may exercise his right to change of judge by noting the request on the omnibus hearing form or by filing a 'Notice of Change of Judge' signed by counsel, if any, stating the name of the judge to be changed. A judge may honor a timely informal request for change of judge, entering upon the record the date of the request and the name of the party requesting it.

The time limit is imposed to avoid the delay, calendaring disruption and waste of judicial time which would result if the notice were not filed until the date of trial. *Roberts v. State*, 458 P.2d 340, 346 (Alaska 1969).

The rule does not specify whether the earlier or later date should govern. *See Riley v. State*, 608 P.2d 27, 29 n.10 (Alaska 1980). We conclude that the proper interpretation of the rule in conjunction with the statute requires that the later date of the two given in the statute be controlling.

We have previously stated that the rule cannot infringe on the substantive right created by the statute.[3] The statute creates a right to challenge peremptorily within five days after the case is at issue on a question of fact, or within five days after the issue is assigned to a judge. Using the earlier of the two dates specified in the rule could conceivably infringe on this right.[4] Thus, the preferable interpretation is to use the later of the two dates listed in the rule.[5]

3. "[T]o the extent that the rule does not infringe upon the substantive right created by statute, the provisions of Rule 25(d) supersede the legislative enactment." *Gieffels v. State*, 552 P.2d 661, 668 (Alaska 1976).

4. For example, if, after filing of the omnibus hearing form but before trial, the original judge to whom the case was assigned should become unavailable and the case be assigned to another judge, the statute would clearly grant the defendant a peremptory challenge against the newly assigned judge (assuming the defendant had not already exercised it in that action). Under an interpretation of the rule utilizing the earlier of the two dates, the defendant would have no peremptory right.

5. Indeed, in some cases, applying for a change of judge before the action has been formally filed is regarded as premature. *See State ex*

rel. *Stockton v. Leopold*, 227 Ind. 426, 86 N.E.2d 530 (1949). *Cf. United States v. Pioneer Packing Co.*, 10 Alaska 70 (D. Alaska 1941) (under statute requiring affidavit of prejudice to be filed within one day after action was at issue on a question of fact, affidavit filed after defendant had made an answer but before reply was filed is premature).

We intend to stand by our rulings that where two proceedings involve the same defendant and the necessity of proving the same facts and issues, a judge who was peremptorily challenged in the prior proceeding is automatically disqualified at any proceeding against the defendant at which those same charges are at issue. *See McKinnon v. State*, 526 P.2d 18, 25 (Alaska 1974). Thus, we do not mean to indicate that a peremptory challenge filed in the earlier felony complaint proceeding would not have been effective in the subsequent indict-

The Supreme Court of Arizona reached the same conclusion in *Hordyk v. Farley*, 94 Ariz. 189, 382 P.2d 668, 671–72 (1963) (en banc), even though this necessitated its overruling a local court rule which it had previously approved. Also, we have noted that the rule generally liberalizes the opportunity to exercise the substantive right granted in the statute,[6] and a more restrictive interpretation here would be inconsistent with that general observation.

Applying the rule to this case, we cannot tell from the record whether or not an omnibus hearing form was filed. The state asserts that no form was ever filed; Morgan seems to indicate that it was filed on May 11, one day after he had orally moved for disqualification. Nothing in the record resolves this factual issue; however, we find that it is not necessary to do so, since we can ascertain when the case was assigned to Judge Cooke.

The state argues that April 22 should be the relevant date, relying on the fact that Bethel is a single-judge consolidated court, and that at the time Morgan was arraigned on the original criminal complaint on April 22 all the parties were aware that Judge Cooke was to hear the case. The only reason that this does not explicitly appear in the record, the state argues, is that Morgan's attorney waived the reading of rights, which routinely included advising defendants that Judge Cooke is assigned to all cases and that a peremptory challenge must be filed within five days. Since both Morgan and his attorney had had prior experiences with the Bethel criminal trial system, they knew on April 22 that Judge Cooke was to be assigned to the case.

Morgan argues that the April arraignment was based on the criminal complaint, which subsequently was not pursued, and which did not even contain the charges to which he eventually pled guilty. The complaint was ignored after the indictment, which did contain the charges in issue here, was issued on May 8. Further, the superior court in Bethel had in the past allowed peremptory challenges within time limits based upon the date of issuance of an indictment rather than the date of arraignment on a prior criminal complaint based on the same charges, and thus Morgan's attorney was under the impression that he could rely on that practice.

We conclude that the May 8 date is controlling.[7] The purpose of imposing the time limit is to avoid the delay, calendaring disruption, and waste of judicial time which would otherwise result, as we noted above. These purposes would not be substantially furthered by the interpretation the state urges here. Further, such an interpretation would necessitate an inquiry into the subjective knowledge of the particular attorney and defendant before the court, to ascertain whether they should reasonably have been aware of the fact that Judge Cooke was routinely assigned to all cases. A preferable method is to adhere to the language of the rule and statute. No judge could have been assigned to the May 10 indictment on April 22. Further, the charges of the May 10 indictment cannot be said to have been at issue upon a question of fact as of April 22, since May 10 was the point at which the not guilty plea to the

ment proceeding. But we do think that Morgan was entitled to rely on the wording of the rule, and exercise his peremptory rights within the five-day period as applied to the indictment, rather than as applied to the earlier felony complaint which was not pursued.

**6.** "[I]n fact, Rule 25(d) generally liberalizes the method by which a party may exercise a peremptory challenge." *Gieffels v. State*, 552 P.2d 661, 668 (Alaska 1976). The footnote to this passage uses as an example that a notice of

change of judge can be filed at the omnibus hearing. *Id.* at 668 n.7. Technically, it is the time when the omnibus hearing form is due, not the date of hearing itself, that is set forth as one of the alternatives in the rule. Alaska R.Crim.P. 25(d)(2).

**7.** May 8 is significant not because the indictment issued upon that date but rather because that was the date upon which Judge Cooke was "assigned the case for the first time." Alaska R.Crim.P. 25(d)(2). *See* note 1 *supra*.

charges in the indictment was entered.[8] It would be especially paradoxical to follow the state's reasoning on these facts, since, although the complaint and the indictment were based upon the same incidents, the charges in the two were different, and the charges to which Morgan pled guilty were not even contained in the original complaint.

■ Having concluded that the May 8 date triggered the five-day period, we must resolve one last issue to determine the timeliness of the disqualification. The state further argues that, assuming May 8 is the controlling date, the disqualification was not timely because no written motion was filed until May 18, beyond the five-day limit. We see no merit to this contention. First, the rule specifically provides that a judge may honor a timely informal request for change of judge. Alaska R.Crim.P. 25(d)(2). Second, it is undisputed that Morgan orally moved for disqualification on May 10, and that the court responded: "I'd prefer that you file that in writing because I would plan to rule on it in writing. . . .

But I'll record it as having been made today the 10th of May." We think that the fact that the written motion itself fell outside the five-day limit cannot render it untimely, in light of the court's statements and the discretion accorded the superior court judge under the rule.[9]

Having concluded that Morgan's motion to peremptorily disqualify was timely, we turn to the question of whether this disqualification was waived by Morgan's guilty pleas.

Morgan argues that peremption as of right is a matter of jurisdiction and not merely of procedure: "[W]hen a proper affidavit has been timely filed, the judge involved is without power or jurisdiction to take any further action in the proceeding." *Channel Flying, Inc. v. Bernhardt*, 451 P.2d 570, 574 (Alaska 1969). Thus, although a plea of guilty or nolo contendere functions as a waiver of all non-jurisdictional issues in a case, *McKinnon v. State*, 526 P.2d 18, 24 (Alaska 1974), unless they are specifically preserved by stipulation in accordance with the procedures we have approved,[10] this

**8.** *See State v. Ring*, 122 Or. 644, 259 P. 780 (1927), *aff'd*, 276 U.S. 607, 48 S.Ct. 338, 72 L.Ed. 728 (1928) (plea of not guilty to an indictment places the cause at issue for the purpose of statutory right of disqualification for bias or prejudice).

**9.** In this part of the opinion, we are concerned not with whether Morgan waived his peremptory challenge right, but whether or not he exercised it in a timely manner. It is this aspect of the case which distinguishes it from *Kodiak Island v. Large*, 622 P.2d 440 (Alaska 1981), in which we held that, by presenting two Civil Rule 12(b)(6) motions before a superior court judge, a party had waived its right to a peremptory challenge of that judge, even though the official notice that the case had been assigned to that judge was not forthcoming until after the two 12(b)(6) motions had been filed. One of the issues in that case was whether the submission of the two motions to that judge could constitute a "knowing" waiver, and we held that, since Kodiak was a single-judge district, the parties knew that that judge would be the trial judge unless he was disqualified. *Id.* at 443. Whether a party is aware of the fact that a given district is a single-judge district is clearly relevant to an assessment of whether a waiver under Civil Rule 42(c)(4) or Criminal Rule 25(d)(5) is "knowing"; however, it is not relevant to an assessment of whether

or not a peremptory challenge is timely under Civil Rule 42(c)(3) or Criminal Rule 25(d)(2) and (4). Indeed, *Kodiak Island* implicitly stands for this. The two 12(b)(6) motions were filed in March and August of 1976; the notice of assignment was given on June 17, 1977; and the peremptory challenge was filed on June 21, 1977. Although the parties clearly had knowledge of the fact that Kodiak was a single-judge district in 1976 (hence the finding that the waiver was "knowing"), it was undisputed that the peremptory challenge had been timely, because "filed 'before commencement of trial and within five days after notice that the case has been assigned to a specific judge,' as required by Alaska R.Civ.P. 42(c)(3)." *Id.* at 443 n.1.

**10.** Under *Cooksey v. State*, 524 P.2d 1251 (Alaska 1974), and *Oveson v. Municipality of Anchorage*, 574 P.2d 801 (Alaska 1978), we have established a procedure whereby a defendant may appeal a non-jurisdictional defect after a plea of guilty or nolo contendere. If it is clearly shown, and the parties have stipulated with trial court approval, that our resolution of the issue reserved for appeal will be dispositive of the entire case, we will entertain such an appeal, since it would be wasteful otherwise to require the parties to go through an entire trial when a single issue to be resolved on appeal will be dispositive of the entire case.

rule does not apply to peremptory disqualifications which are jurisdictional. Indeed, the peremptory disqualification right is deemed preserved unless specifically waived by stipulation:

> As we construe Rule 25(d)(5), it simply means that when a judge has been disqualified by the timely filing of a notice of change of judge, as required elsewhere in Rule 25, such action shall not prevent the parties from thereafter going before that same judge for the limited purpose of entering a plea of guilty or nolo contendere, upon stipulation that he may accept such a plea for the defendant.

*Padie v. State*, 566 P.2d 1024, 1028 (Alaska 1977) (footnote omitted). Since no such stipulation was made here, the peremptory disqualification was not waived.

The state relies on the waiver provision of Criminal Rule 25(d)(5) which provides:

> *Waiver.* A party loses his rights under this rule to change a judge when he agrees to the assignment of the case to a particular judge or participates before him in an omnibus hearing, any subsequent pretrial hearing, a hearing under Rule 11, or the commencement of trial. No provision of this rule shall bar a stipulation as to the judge before whom a plea of guilty or of nolo contendere shall be taken under Rule 11.

The state argues that the term "jurisdiction" as used in *Channel Flying* refers only to personal jurisdiction, which can be waived, and not to subject matter jurisdiction, which cannot.[11] To support this, the state relies on federal case law interpreting the analogous Federal Criminal Rule 12(b).[12] According to the state, the guilty plea therefore waived defects short of subject matter jurisdiction, which means that such personal jurisdiction issues as the peremptory disqualification issue were also waived. The state points out that Morgan was not without options in this matter, as he could have sought to preserve the issue while pleading guilty through the vehicle of a *Cooksey-Oveson* plea.[13]

■ We find little advantage in resorting to the labels of personal and subject matter jurisdiction. The peremptory challenge right does not fall easily within either classification. Although a valid peremptory challenge does negate the authority of a particular judge to preside over a particular case, it affects neither the personal nor the subject matter jurisdiction of the court; another judge of the same court may exercise both types of jurisdiction unaffected by the challenge. The more useful inquiry is whether or not the peremptory challenge may be waived, and whether the waiver need be express.

■ We have already made it clear that the peremptory challenge is waivable: this much is clear from Rule 25 and from our ruling in *Padie v. State*, 566 P.2d 1024 (Alaska 1977).[14]

11. *See* 21 Am.Jur.2d Criminal Law § 379 (1965):

> Jurisdiction of the subject matter is derived from the law. It can neither be waived nor conferred by consent of the accused. Objection that the court does not have jurisdiction of the subject matter may be made at any stage of the proceedings, and the right to make such objection is never waived. But jurisdiction of the person of the defendant may be acquired by consent of the accused or by waiver of objections. If he fails to make his objection in time, he will be deemed to have waived it. Such an objection is also waived by pleading not guilty and going to trial. The accused cannot raise the question for the first time in the appellate court. [footnotes omitted]

12. *Sewell v. United States*, 406 F.2d 1289 (8th Cir. 1969); *Pon v. United States*, 168 F.2d 373 (1st Cir. 1948).

13. *See* note 10 *supra*.

14. In this regard, Alaska seems to depart from the general rule, which looks at the wording of the statute. Under statutes which specify the causes of disqualification but do not forbid a disqualified judge to act, the disqualification of a judge is not generally regarded as jurisdictional, and thus may be waived by the parties; but where the statute also provides that a disqualified judge shall not sit in a case in which he is disqualified, the disqualification is generally held to be jurisdictional and thus not waivable by the parties. *See* Annot., 73 A.L.R.2d 1238, 1273, 1288 (1960). In Alaska, although the statute does not expressly prohibit the judge from sitting, the rule does.

Framed this way, the question becomes whether the peremptory challenge must be waived expressly (in which case a *Padie*-type stipulation is necessary) or whether it may be waived impliedly (in which case a *Cooksey-Oveson* -type stipulation may be necessary).

We note that *Padie* involved a peremptory challenge that was granted by the superior court. Under those circumstances, the need for a stipulation agreeing to submit to the authority of an individual judge is apparent. If the judge rules against the disqualification, then that is the controlling decision until such time as this court reverses that decision; and, as such, it is more reasonable to draw an inference of waiver from a party's failure to maintain an objection to the denial of the disqualification. Thus, the logic of *Padie* does not necessarily apply to this case.

Nor, however, does the logic of *Cooksey-Oveson*. We have stated that we will not approve such appeals unless it is shown, and the parties have stipulated with trial court approval, that our resolution of the issue will be dispositive of the entire case. *Oveson v. Municipality of Anchorage*, 574 P.2d 801, 803 n.4 (Alaska 1978). We specifically disapproved of the use of this vehicle to resolve suppression of evidence issues, if they do not necessarily determine the outcome of the case, since this circumvents the petition-for-review procedure established to handle interlocutory orders.[15] This logic applies with greater strength here; it is difficult to imagine a case in which the question of disqualification of a particular judge would be dispositive of the entire case, as the prosecution would, more than likely, be brought before a different judge. Additionally, *Cooksey-Oveson* is designed to preserve issues for appeal from the conviction based upon the plea itself, and we deal

here with an appeal from the denial of a motion to withdraw the guilty plea.

We conclude that neither *Padie* nor *Cooksey-Oveson* provides a proper vehicle for resolution of this case. *Padie* is inappropriate because we regard it as advisable to require a defendant wishing to preserve his objection to the denial of his disqualification motion to take some affirmative action effectuating that intent. *Cooksey-Oveson* is inappropriate because the disqualification will rarely, if ever, be dispositive of the outcome of the entire case.

■ We do, however, think that defendants in Morgan's position should have some method of preserving the peremptory disqualification issue short of going to trial. It is true that, in some cases, the issue might be mooted by an acquittal before the judge whom the defendant sought to disqualify, thus pretermitting any need to have the issue resolved on appeal. However, given the special nature of the disqualification right, designed to insure all litigants a fair trial before an impartial and unbiased judge, and the unnecessary expense of the trial which both the state and the defendant are put through when an erroneous denial of such a motion is made, we think that it is appropriate to allow a defendant to preserve this right by filing an appeal from the denial of the change of judge motion. Such appeal will be processed in accord with the provisions of Appellate Rule 216, which governs expedited appeals.[16] Under such circumstances, we will entertain an appeal on the limited issue of the peremptory disqualification. We regard the nature of this right as sufficiently weighty to justify a different rule than that applied to interlocutory denials of motions to suppress evidence and the like, which, unless completely dispositive of the case and preserved in accordance with *Cooksey-*

---

15. In *Oveson v. Municipality of Anchorage*, 574 P.2d 801, 803 n.4, we modified two cases in which we had held that we could consider such interlocutory orders: *Richardson v. State*, 563 P.2d 266 (Alaska 1977), and *Trunnel v. State*, 535 P.2d 1041 (Alaska 1975).

16. Alaska R.App.P. 216 by its terms applies only to extradition appeals and juvenile waiver appeals. We intend the procedures provided in Rule 216 to govern expedited appeals from denials of peremptory challenges in criminal cases as well. We find that the expedited appeal procedure of Rule 216 is more appropriate for this situation than petition for review.

*Oveson,* can be brought up only on a petition for review.

Obviously, Morgan cannot be held to have been aware of the rule we announce here, and we think that manifest injustice would result were he not accorded the benefit of this rule as if he had filed his preservation of his disqualification right.[17] This case must be reversed and remanded for further proceedings in accordance with this opinion.[18]

COMPTON, J., not participating.

BURKE, Justice, dissenting, with whom MATTHEWS, Justice, joins.

I respectfully dissent.

Even if we construe the categories mentioned in Criminal Rule 32(d)(1) as not exclusive, I disagree with the majority's conclusion that reversal is required. Where as here, "the facts presented to the court do not fall within one of the listed categories, ... there must be some showing that a manifest (*i. e.,* obvious, directly observable, overt or not obscure) injustice will occur if the defendant is not permitted to withdraw his plea." *State v. Taylor,* 521 P.2d 699, 701–02 (Wash.1974). In my judgment, there has been no showing of any genuine injustice in the instant case, manifest or otherwise.

---

**17.** Under Alaska R.Crim.P. 32(d)(1), *see* note 2 *supra,* allowing a withdrawal upon timely motion is mandatory once the court has found it necessary to correct "manifest injustice." Morgan's motion was timely; it was made before his sentencing. The injustice in denying his motion has become manifest for the first time with our pronouncement of the rule in this decision; thus, the trial judge could not have been expected to have recognized the injustice at the time the motion was made. Now that the injustice has become manifest, however, we must permit Morgan to withdraw his guilty plea.

**18.** This holding makes it unnecessary to reach any other issue raised in this appeal.