**Norman R. WATT, Appellant,**

v.

**STATE of Alaska, Appellee.**

No. A–8417.

Court of Appeals of Alaska.

Jan. 3, 2003.

Laurel Bennett, Assistant Public Defender, Palmer, and Barbara K. Brink, Public Defender, Anchorage, for Appellant.

Richard K. Payne, Assistant District Attorney, Roman Kalytiak, District Attorney, Palmer, and Bruce M. Botelho, Attorney General, Juneau, for Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

### OPINION

STEWART, Judge.

This is a peremptory challenge appeal brought by Norman R. Watt under Alaska Appellate Rule 216(a)(2). Superior Court Judge pro tem Joel H. Bolger ruled that Watt's Notice of Change of Judge under Alaska Criminal Rule 25(d) was untimely. For the reasons expressed here, we reverse the superior court.

On Saturday, July 6, 2002, the Valdez police received a report that Watt had engaged in sexual penetration with 12–year–old C.L. After investigating this report, the police arrested Watt and charged him by complaint with one count of first-degree sexual abuse of a minor.[1] The next day, July 7, 2002, Watt appeared before Judge Bolger in district court on the complaint. Judge Bolger appointed the Public Defender Agency to represent Watt, scheduled a preliminary hearing, and assigned himself to the case for trial. Watt received copies of the documents incorporating these orders and those same documents were faxed to the public defender. Within five days, an assistant public defender appeared for Watt and the case was continued by stipulation of the parties.

Within a few weeks, the parties reached a plea agreement. Under the plea agreement, Watt agreed to waive indictment and plead in superior court to an information that charged two counts of first-degree sexual abuse of a minor involving two victims, C.L. and another minor, K.M.L. The plea agreement specified that the superior court could impose no less than 10 years and no more than 15 years to serve on the two counts.

1. AS 11.41.434(a).

On August 30, 2002, Watt filed a request to transfer the case to the superior court for a change of plea on the information as contemplated by the plea agreement. He also filed a Notice of Change of Judge under Criminal Rule 25(d) to preempt Judge Bolger. Judge Bolger denied the challenge as untimely because he was first assigned to the case on July 7.

Alaska Statute 22.20.022 grants a party the substantive right to disqualify a judge peremptorily.[2] According to AS 22.20.022(c), a party must exercise that right "within five days after the case is at issue upon a question of fact, or within five days after the issue is assigned to a judge, whichever event occurs later[.]"

In criminal cases, the procedure for implementing this right is specified in Criminal Rule 25.[3] Alaska Criminal Rule 25(d)(2) now provides as follows:

> (2) Procedure. A party may exercise the party's right to a change of judge by filing a "Notice of Change of Judge" signed by counsel, if any, stating the name of the judge to be changed. The notice shall neither specify grounds nor be accompanied by an affidavit. The notice of change of judge is timely if filed within five days after notice that the case has been assigned to a specific judge.

Judge Bolger's ruling that Watt's challenge was untimely is understandable in light of this subsection of the rule because Watt's notice was filed weeks after Judge Bolger assigned himself to the case. And the parties' pleadings in the trial court did not alert Judge Bolger to any other authority.

But in *Morgan v. State*,[4] the Alaska Supreme Court reviewed the denial of a peremptory challenge under circumstances similar to those in Watt's case. Morgan first appeared on a felony complaint before Superior Court Judge Christopher R. Cooke sitting in the district court.[5] At that time, Bethel was a single-judge location (as is Valdez where Judge Bolger sits). After the grand jury returned an indictment, the case was calendared for an arraignment in superior court with Judge Cooke assigned to the case.[6] At the superior court arraignment, Morgan moved to disqualify Judge Cooke peremptorily but Judge Cooke denied the challenge as untimely.[7]

At that time, former Criminal Rule 25(d)(2) provided as follows:

> At the time required for filing the omnibus hearing form, or within five days after a judge is assigned the case for the first time, a party may exercise his right to change of judge by noting the request on the omnibus hearing form or by filing a 'Notice of Change of Judge' signed by counsel, if any, stating the name of the judge to be changed. A judge may honor a timely informal request for change of judge, entering upon the record the date of the request and the name of the party requesting it.

Reading the language of the statute together with the rule, the supreme court held that Morgan's challenge at arraignment upon the entry of his plea was a timely exercise of his substantive statutory right.[8] The supreme court ruled that a felony case is "at issue under a question of fact" under AS 22.20.022(c) when jurisdiction of the case is transferred to the superior court for a defendant's plea upon the return of an indictment.[9]

Since *Morgan* was decided, the supreme court has amended Criminal Rule 25(d)(2) several times. But nothing in the amendments to the rule or the legislative history of those amendments suggests that the supreme court intended to modify their interpretation of the substantive statutory right discussed in *Morgan*.

**2.** *Gieffels v. State,* 552 P.2d 661, 667–68 (Alaska 1976).

**3.** *Id.*

**4.** 635 P.2d 472 (Alaska 1981).

**5.** *Id.* at 477.

**6.** *Id.* at 474 n. 1.

**7.** *Id.* at 474.

**8.** *Id.* at 478.

**9.** *Id.* at 477–78.

Pursuant to the plea agreement, Watt's case was transferred to superior court for a plea on the information. Watt attempted to challenge Judge Bolger when he requested this transfer for his plea. Even though Watt had an outstanding agreement to change his plea to the information, Watt's case was not at issue on a question of fact under that information until the case was in the superior court for an entry of plea on that information.

We conclude that *Morgan* controls this case. Watt's challenge was timely under *Morgan*. Thus, Judge Bolger's assignment of the case to himself for trial in the superior court on July 7th while the case was still in district court could not extinguish Watt's right to a peremptory challenge upon the entry of a plea in superior court.

The order denying Watt's Notice of Change of Judge is REVERSED.

MANNHEIMER, Judge, concurring.

I agree with my colleagues' resolution of this case, but I write separately to explain more explicitly why we reject the argument presented by the State.

After the State filed its felony complaint against Watt, but while Watt's case was still in the district court (*i.e.,* before Watt was indicted or agreed to waive indictment and be prosecuted by information), Judge Bolger notified the parties that he would be the trial judge. Both parties in this appeal agree that the underlying issue in this case is whether Judge Bolger could validly do this. More specifically, the issue is whether *any* judge can be assigned to the trial of a felony case during the pre-indictment stage of the case, while the proceedings are still being handled in the district court.

If Judge Bolger's assignment as the trial judge was lawful, then Watt's challenge to Judge Bolger was untimely. But Watt argues that, for purposes of the peremptory challenge rule, no judge can validly be assigned to a felony trial until the defendant is arraigned in the superior court.

At oral argument, both parties agreed that our resolution of this appeal is governed by the supreme court's decision in *Morgan v. State*, 635 P.2d 472 (Alaska 1981). But the parties presented competing interpretations of the rule announced in *Morgan*.

*Morgan* presented circumstances that are similar to the present case. In April 1978, in Bethel, Morgan was charged by complaint with several felony offenses. Superior Court Judge Christopher Cooke, sitting as a district court judge, handled various proceedings in the district court pending Morgan's indictment. The grand jury indicted Morgan on May 8th and, on that same date, the clerk of court sent out a notice calendaring Morgan's superior court arraignment for May 10th. In that same calendaring notice, the parties were formally notified that Judge Cooke was to be the trial judge.[1]

At his arraignment on May 10th, Morgan tried to peremptorily challenge Judge Cooke, but the judge directed Morgan to file a written pleading. That pleading was not filed until May 18th—at which time, Judge Cooke denied Morgan's challenge as untimely.[2] Morgan ultimately appealed the denial of his peremptory challenge.

On appeal, the State argued that Morgan knew from the very beginning that Judge Cooke would be his trial judge—because Judge Cooke was Bethel's sole resident judge, and all matters (both in the district court and the superior court) were routinely assigned to him.[3] The supreme court rejected this argument and ruled that Judge Cooke was not formally assigned to Morgan's case until the clerk issued the calendaring notice on May 8th.

At oral argument in Watt's case, the State suggested that the supreme court's decision in *Morgan* turned on the fact that, even though everyone in Bethel might have known that Judge Cooke would be the trial judge, the parties received no formal notice of Judge Cooke's assignment until the clerk issued the calendaring notice. The State suggested that if Judge Cooke had done

---

**1.** *Id.* at 474 and n. 1.

**2.** *Id.*

**3.** *Id.* at 477.

what Judge Bolger did in Watt's case—*i.e.,* if Judge Cooke had given the parties early written notice that he would be the trial judge, while Morgan's case was still pending in the district court—then Morgan's peremptory challenge would have been late, and Morgan's case would have been decided differently.

But the wording of the *Morgan* opinion shows that the supreme court did not base its decision on the fact that there was no earlier formal notice of Judge Cooke's assignment. Rather, the supreme court stated that no judge *could* have been assigned to be Morgan's trial judge until Morgan was indicted:

No judge could have been assigned to the May 10 indictment [*sic:* the indictment was issued on May 8th] on April 22. Further, the charges of the May 10 [*sic* ] indictment cannot be said to have been at issue upon a question of fact as of April 22, since May 10 [*i.e.,* Morgan's superior court arraignment] was the point at which [Morgan entered] the not guilty plea to the charges in the indictment. . . .

*Morgan,* 635 P.2d at 477–78. In an accompanying footnote, the court cited an Oregon case for the proposition that "[a] plea of not guilty to an indictment places the cause at issue for the purpose of statutory right of disqualification for bias or prejudice".[4]

The supreme court then, somewhat surprisingly, declared "that the May 8 date triggered [Morgan's] five-day period" for peremptorily challenging Judge Cooke under Alaska Criminal Rule 25(d). May 8th was the date that the clerk of court sent out the calendaring notice—the post-indictment notice that scheduled Morgan's superior court arraignment for May 10th and that formally notified the parties of Judge Cooke's assignment as trial judge. The supreme court's

choice of May 8th as the starting date for calculating the peremptory challenge deadline is somewhat surprising because, just two paragraphs earlier, the supreme court had suggested that Morgan's felony charges "[could not] be said to have been at issue upon a question of fact" until Morgan's superior court arraignment, when he was called upon to enter a plea to the charges. This did not happen until May 10th. The supreme court appears to have disregarded this reasoning when it declared that May 8th was the starting date for calculating Morgan's peremptory challenge deadline.

I am not sure that I can reconcile these differing strands of legal reasoning in *Morgan.* But, at a minimum, *Morgan* stands for the proposition that no judge can be formally assigned to be the trial judge in a felony case until the superior court acquires felony jurisdiction over the defendant (either because the defendant is indicted or because the defendant waives indictment and consents to be prosecuted by information). Thus, the problem in *Morgan* was not that Judge Cooke *failed to send* an earlier formal notice of his assignment. The problem was that Judge Cooke *could not have sent* an earlier formal notice—because the case was not ripe for assignment of a trial judge until Morgan was indicted (or waived indictment).

For these reasons, I concur with my colleagues that Watt's peremptory challenge of Judge Bolger was timely and should have been granted.

**4.** *Id.* at 478 n. 8, citing *State v. Ring,* 122 Or. 644, 259 P. 780 (1927), *affirmed* 276 U.S. 607, 48 S.Ct. 338, 72 L.Ed. 728 (1928).