**Michael D. PHILLIPS, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–10180.**

Court of Appeals of Alaska.

May 2, 2008.

---

27. *See VinZant v. Elam,* 977 P.2d 84, 87 (Alaska 1999).

Paul A. Maslakowski, Assistant Public Advocate, Palmer, and Rachel Levitt, Acting Public Advocate, Anchorage, for the Appellant.

No appearance for the Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

## OPINION

MANNHEIMER, Judge.

The superior court denied Michael D. Phillips's request to exercise a late-filed peremptory challenge against Superior Court Judge Eric A. Aarseth, the judge assigned to preside over Phillips's trial. Phillips now seeks appellate review of the superior court's decision.

Phillips has filed his appeal under Alaska Appellate Rule 216. *See Washington v. State*, 755 P.2d 401, 403 (Alaska App.1988) (holding that an expedited appeal under Appellate Rule 216 is the sole way a criminal defendant may seek appellate review of the denial of a peremptory challenge).

When the Appellate Court Clerk's Office received Phillips's notice of appeal, a question arose as to whether Phillips was entitled to appeal the superior court's ruling at this time—since no final judgment has yet been issued in his case.

Although Appellate Rule 216(a)(2) clearly states that the expedited appellate procedures described in that rule apply to "[p]eremptory challenge appeals", subsection (c) of Rule 216, entitled "Jurisdictional Limitation", declares that Rule 216 "does not permit an appeal to be taken in any circumstances in which an appeal would not be permitted by [Appellate] Rule 202." And Appellate Rule 202(b)—the portion of Rule 202 that governs appeals to this Court—declares that "[a]n appeal may be taken [only] from a final judgment entered by the superior court or the district court".

Phillips's case has not yet gone to trial; no final judgment has been issued in his case. Thus, Phillips is apparently barred from pursuing an appeal under Appellate Rule 216 at this time.

See *Muller v. State*, 478 P.2d 822, 824 (Alaska 1971), holding that the superior court's denial of the defendants' motion to dismiss the charges with prejudice "did not terminate the proceedings against [the defendants] and was in no sense a final judgment of the type contemplated by [Supreme Court] Rule 6"—the predecessor to current Appellate Rule 202.

The jurisdictional limitation codified in Appellate Rule 216(c)—that is, the rule that no appeal can be pursued under Rule 216 until the trial court has issued a final judgement—has been a part of Rule 216 since it was first promulgated in 1980. *See* Alaska Supreme Court Order No. 439 (effective November 15, 1980) (amending and re-codifying the Alaska Rules of Appellate Procedure).

When Appellate Rule 216 was first promulgated, it applied only to extradition appeals and juvenile waiver appeals. Subsection (c) of the rule was intended to make sure that no appeal could be taken until the superior court had issued its final decision regarding whether to order a defendant's extradition to another state, or had issued its final decision regarding whether to waive juvenile jurisdiction over a minor (thus allowing the minor to be tried as an adult).

The denial of a defendant's request to peremptorily challenge the judge assigned to the defendant's case is not a final judgement. And, until 1981, the only way a defendant could seek interlocutory review of such a denial was to file a petition for review. In other words, a defendant whose peremptory challenge was denied could ask this Court to review the matter, but interlocutory review was discretionary, not mandatory. *See Rozkydal v. State*, 938 P.2d 1091, 1094 (Alaska App.1997): "The right of 'appeal' means the right to *require* an appellate court to review a lower court's decision. The right of 'petition', on the other hand, means the right to *request* an appellate court to review a lower court's decision—a request which the appellate court may grant or deny as it sees fit." (Emphasis in the original.)

Then, in *Morgan v. State*, 635 P.2d 472 (Alaska 1981), the Alaska Supreme Court concluded that, given the "special nature of the [judicial] disqualification right", it would be better if appellate review of the denial of a peremptory challenge in a criminal case were governed by the expedited procedures laid out in Appellate Rule 216. *Id.* at 480 & n. 16. The following year (1982), the supreme court amended Rule 216(a) to add peremptory challenge appeals—as defined in Rule 216(b)(2)—to the list of appeals governed by the rule. *See* Alaska Supreme Court Order No. 511 (effective August 18, 1982).

■ Based on the supreme court's decision in *Morgan* and the court's ensuing issuance of Order No. 511, it is obvious that the supreme court intended to allow defendants in criminal cases to appeal the denial of a peremptory challenge even though the trial court had not yet issued its final judgement. Indeed, Justice Matthews dissented from the supreme court's decision to issue Order No. 511 because he concluded that it was not prudent to "make an exception to the rule of finality to allow an appeal from an order of this type." *Id.*

But even though the supreme court amended subsection (a) of Rule 216 so that it now includes peremptory challenge appeals, the supreme court made no conforming change to subsection (c)—the provision of Rule 216 that bars any appeal unless the trial court has issued its final judgement.

True, subsection (a) of Rule 216 declares that the rule "supersedes the other appellate rules to the extent that they may be inconsistent with this rule". But the problem here is an inconsistency in the provisions of Rule 216 itself. Subsection (a) of the rule allows a defendant to immediately appeal the denial of a peremptory challenge, but subsection (c) of the rule declares that Rule 216 does not allow appeals except as permitted by Rule 202—*i.e.*, unless the trial court has issued its final judgement.

■ When different subsections of a statute or court rule are seemingly inconsistent with each other, an appellate court is obliged to construe the subsections so as to resolve the inconsistency—if that is possible. *Anchorage v. Repasky*, 34 P.3d 302, 315 (Alaska 2001). Here, it is not. Subsection (a) is irreconcilably in conflict with subsection (c).

■ Nevertheless, from the history described above, it is apparent that the supreme court intended to allow defendants to immediately appeal the denial of a peremptory challenge—exempting these appeals from the normal rule that no appeal is allowed until the trial court has issued its final judgement. We therefore turn to another canon of statutory construction:

> [I]f the literal import of the text of an act is inconsistent with the legislative meaning or intent, ... courts will ordinarily modify the statute to comport with [that] legislative intent.

*State of Alaska v. Alaska Civil Liberties Union*, 978 P.2d 597, 613 n. 101 (Alaska 1999) (quoting Norman J. Singer, *Sutherland [on] Statutory Construction* § 46.07 (5th ed.1992)).

The wording of Appellate Rule 216(c) can not be reconciled with the supreme court's clear intention to allow defendants to immediately appeal the denial of a peremptory challenge. Consequently, we now hold that Appellate Rule 216(c) does not apply to peremptory challenge appeals as defined in Appellate Rule 216(b)(2).

Accordingly, Phillips's appeal is accepted for filing.