**Raymond P. JUAREZ, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–10214.**

Court of Appeals of Alaska.

Oct. 10, 2008.

Robert R. Polley, Office of Public Advocacy Contract Attorney, Kodiak, for the Appellant.

Stephen B. Wallace, District Attorney, Kodiak, and Talis J. Colberg, Attorney General, Juneau, for the Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

1. Alaska R.Crim. P. 25(d)(1).

2. Alaska R.Crim. P. 25(d)(2).

3. Alaska R.Crim. P. 25(d)(5).

*OPINION*

COATS, Chief Judge.

A defendant in a criminal case is entitled as a matter of right to one peremptory challenge of a judge.[1] But to be timely, the notice of change of judge must be filed "within five days after notice that the case has been assigned to a specific judge."[2] In addition, a party loses the right to peremptorily challenge the judge "when the party ... knowing that the judge has been permanently assigned to the case, participates before the judge in an omnibus hearing, any subsequent pretrial hearing, a hearing under Rule 11, or the commencement of trial."[3]

Raymond P. Juarez peremptorily challenged Superior Court Judge Joel H. Bolger. Judge Bolger denied the peremptory challenge on the ground that it was untimely. Judge Bolger concluded that, because Kodiak was a single-judge district, it was obvious that Juarez's case was assigned to him from the beginning-and thus more than five days had elapsed before Juarez filed his peremptory challenge. In addition, Judge Bolger found that Juarez had waived his right to peremptorily challenge him because Juarez had participated in pretrial hearings in front of him. We conclude that because Juarez's case was never expressly assigned to Judge Bolger until shortly before the peremptory challenge, Judge Bolger erred in finding that the peremptory challenge was untimely.

In December of 2007, the State charged Juarez with two misdemeanor offenses: assault in the fourth degree[4] and harassment in the first degree.[5] According to the charges, Juarez, while in custody on other charges, assaulted another prisoner. Juarez was transported to Kodiak for a hearing in front of Judge Bolger on February 27, 2008. Judge Bolger conducted a status hearing on February 29. At that hearing, Juarez's trial was set to trail his other pending criminal cases. On March 5, 2008, Judge Bolger granted Juarez's request for a two-month continuance, setting trial call for May 7, 2008.

4. AS 11.41.230(a)(1).

5. AS 11.61.118(a).

At the May 7 trial call, the matter was set for a status conference before Judge Bolger on May 9.

At the status conference on May 9, Juarez filed a consent to trial by magistrate and requested that he be tried before the Kodiak magistrate. The same day, the State filed a peremptory challenge of this magistrate. Judge Bolger granted the State's peremptory challenge and for the first time expressly assigned the matter to himself for trial. On May 12, Juarez filed his peremptory challenge of Judge Bolger. Judge Bolger denied the peremptory challenge on the ground that it was untimely.

■ The State argues that because Kodiak is a single-judge district, Judge Bolger had been assigned to Juarez's case from the beginning as a matter of law. The State points out that, unless Juarez consented to a trial by the magistrate, Judge Bolger was the only judge in Kodiak who could try the case.[6] It appears to us that the Alaska Supreme Court rejected this argument in *Morgan v. State*.[7] In that case the supreme court addressed the State's argument that, since Bethel was a single-judge district, the parties knew that the resident judge would be the trial judge unless he was disqualified.[8] But the court concluded that a peremptory challenge of the resident judge was timely because it had been made within five days after express notice that the case was assigned to that judge.[9] The court reasoned that the critical factor in determining whether the peremptory challenge was timely was not the party's knowledge that the district was a single-judge district, but when the court gave express notice that the case was assigned to that judge.[10] The *Morgan* decision appears to be based upon a sound policy consideration: the parties' need to have a clear and unambiguous assignment to a specific judge in order to start the time period in which they can exercise a peremptory challenge.

The record does not reflect any express notice that Juarez's case was assigned to Judge Bolger until shortly before Juarez's peremptory challenge. The first formal assignment of a trial judge appears to have been the assignment to the magistrate after Juarez consented to trial by magistrate on May 9, 2008. It was only after the State peremptorily challenged the magistrate that the case was expressly assigned to Judge Bolger. After that assignment, Juarez promptly filed his peremptory challenge of Judge Bolger. His challenge was therefore timely.

■ The State also argues that Juarez waived his right to a peremptory challenge because he participated in hearings before Judge Bolger knowing that Judge Bolger was assigned to the case. As the State acknowledges, however, Alaska Criminal Rule 25(d)(5) provides that a party loses the right to peremptorily challenge a judge if *"knowing that the judge has been permanently assigned to the case,* [he] participates before the judge in an omnibus hearing, any subsequent pretrial hearing, a hearing under Rule 11, or the commencement of trial."[11] Although it is true that Juarez participated in several hearings before Judge Bolger, as we have previously pointed out, Juarez was not given any express notice that the case had been permanently assigned to Judge Bolger.

We accordingly conclude that Judge Bolger erred in finding that Juarez's peremptory challenge was untimely.

The order denying Juarez's peremptory challenge is REVERSED.

---

**6.** AS 22.15.120(a)(6).

**7.** 635 P.2d 472, 478 n. 9 (Alaska 1981).

**8.** *Id.* at 477.

**9.** *Id.* at 477 n. 7.

**10.** *Id.* at 478 n. 9.

**11.** (emphasis added).