**Patrick RILEY and Terry Miller, Petitioners,**

v.

**STATE of Alaska, Respondent.**

**No. 4672.**

Supreme Court of Alaska.

March 14, 1980.

Peter F. Mysing, Asst. Public Defender, Brian C. Shortell, Public Defender, Anchorage, for petitioners.

Thomas M. Wardell, Dist. Atty., Kenai, for respondent.

Before RABINOWITZ, C. J., and CONNOR, BOOCHEVER, BURKE and MATTHEWS, JJ.

## OPINION

MATTHEWS, Justice.

Petitioners Patrick Riley and Terry Miller were separately arraigned before Magis-

trate George Peck in the district court on the Kenai Peninsula.[1] Petitioners were informed of their rights at that time, including the right of peremptory challenge for any judge assigned to their case. In keeping with the practice of the Kenai district court, trial judge assignments were also made at the arraignment.[2]

Neither petitioner had the benefit of counsel at his arraignment. The court appointed the Public Defender Agency to represent petitioners. Notice of appointment was delivered to the public defender office in Kenai approximately one month after the arraignments. Upon receipt of appointment notice, petitioners' counsel moved immediately for a change of judge under Alaska Rule of Criminal Procedure 25(d).[3] Judge Hornaday, the judge assigned to petitioners' cases, denied both motions as untimely. Consolidated review of his decision was subsequently obtained in superior court and Judge Carlson affirmed Judge Hornaday's orders. Petitioners now seek our review of Judge Carlson's decision.

We have granted review in this case because we think the question raised is of sufficient substance and importance to warrant our review.[4] We also believe that a controlling question whose resolution will hasten the ultimate termination of the lawsuit is present,[5] and a postponement of review will result in unnecessary delay and injustice.[6]

The order of the district court denying petitioners' requests was based on the provision of Criminal Rule 25 which requires a request for a change of judge to be made "[a]t the time required for filing the omnibus hearing form, or within five days after a judge is assigned the case for the first time." Alaska Rule of Criminal Procedure 25(d)(2). Because petitioners failed to move to peremptorily challenge Judge Hornaday until after the five-day limitation had expired, their right to change of judge under Rule 25 was determined to have been waived.[7]

The right to challenge a judge peremptorily has been granted by the legisla-

---

1. Mr. Riley was arraigned on January 17, 1979 in Seward. Mr. Miller was arraigned on January 11, 1979 in Kenai.

2. As far as we have been made aware, the Kenai Peninsula is the only area where judges are assigned at the time of arraignment.

3. Alaska R.Crim.P. 25(d) provides:

   (d) *Change of Judge as a Matter of Right.* In all courts of the state, a judge may be peremptorily challenged as follows:

   (1) *Entitlement.* In any criminal case in superior or district court, the prosecution and the defense shall each be entitled as a matter of right to one change of judge. When multiple defendants are unable to agree upon the judge to hear the case, the trial judge may, in the interest of justice, give them more than one change as a matter of right; the prosecutor shall be entitled to the same number of changes as all the defendants combined.

   (2) *Procedure.* At the time required for filing the omnibus hearing form, or within five days after a judge is assigned the case for the first time, a party may exercise his right to change of judge by noting the request on the omnibus hearing form or by filing a "Notice of Change of Judge" signed by counsel, if any, stating the name of the judge to be changed. A judge may honor a timely informal request for a change of judge, entering upon the record the date of the request and the name of the party requesting it.

   (3) *Re-Assignment.* When a request for change of judge is timely filed under this rule, the judge shall proceed no further in the action, except to make such temporary orders as may be absolutely necessary to prevent immediate and irreparable injury before the action can be transferred to another judge. However, if the named judge is the presiding judge, he shall continue to perform the functions of the presiding judge.

   (4) *Timeliness.* Failure to file a timely request precludes a change of judge under this rule as a matter of right.

   (5) *Waiver.* A party loses his rights under this rule to change a judge when he agrees to the assignment of the case to a particular judge or participates before him in an omnibus hearing, any subsequent pretrial hearing, a hearing under Rule 11, or the commencement of trial. No provision of this rule shall bar a stipulation as to the judge before whom a plea of guilty or nolo contendere shall be taken under Rule 11.

4. Alaska R.App.P. 24(a)(1).

5. Alaska R.App.P. 23(d).

6. Alaska R.App.P. 23(e).

7. Alaska R.Crim.P. 25(d)(4). *See* note 3 *supra.*

ture.[8] It is designed to further the substantive right of a litigant to a fair trial before an unbiased judge. *See, e. g., Gieffels v. State*, 552 P.2d 661, 667–68 (Alaska 1976). The time limit for the exercise of the peremptory challenge is imposed to avoid the delay, calendaring disruption and "waste of judicial time which would result if [the notice] were not filed until the date of trial." *McCracken v. State*, 521 P.2d 499, 511 (Alaska 1974), *quoting Pope v. State*, 478 P.2d 801, 804 (Alaska 1970).

■ The decision whether or not to peremptorily excuse an assigned judge is a strategic one which should ordinarily be made by a lawyer after consultation with his client.[9] Typically a non-lawyer will not have sufficient information concerning the assigned judge to make an intelligent decision as to whether the judge should be excused.

■ It is true that the procedure for the exercise of the right to peremptorily challenge a judge is governed solely by Alaska Rule of Criminal Procedure 25(d), *Gieffels v. State*, 552 P.2d at 667, and the rule, read literally, allows the time for exercise of the right to run independent of the appearance of counsel.[10] However, we believe that in these cases the court abused its discretion in failing to waive, under Alaska Rule of Criminal Procedure 53,[11] the strict requirements of the rule. We reach this conclusion because it was obvious that neither petitioner had the opportunity to consult counsel before the time to exercise his challenge had expired, and neither could intelligently decide whether or not a challenge should be made without counsel. The right to peremptorily challenge a judge is sufficiently important so that it should not be lost by inaction before there is an opportunity to confer with an attorney. And, in this case, since counsel exercised the right

8. AS 22.20.022 provides:
   *Peremptory disqualification of a superior court judge.*
   (a) If a party or his attorney in a district court action or a superior court action, civil or criminal, files an affidavit alleging under oath that he believes that he cannot obtain a fair and impartial trial, the presiding district court or superior court judge, respectively, shall at once, and without requiring proof, assign the action to another judge of the appropriate court in that district, or if there is none, the chief justice of the supreme court shall assign a judge for the hearing or trial of the action. The affidavit shall contain a statement that it is made in good faith and not for the purpose of delay.
   (b) No judge or court may punish a person for contempt for making, filing or presenting the affidavit provided for in this section, or a motion founded on the affidavit.
   (c) The affidavit shall be filed within five days after the case is at issue upon a question of fact, or within five days after the issue is assigned to a judge, whichever event occurs later, unless good cause is shown for the failure to file it within that time.
   (d) No party or his attorney may file more than one affidavit under this section in an action and no more than two affidavits in an action.

9. *See* ABA Standards Relating to the Prosecution Function and the Defense Function: The Defense Function. Section 5.2 (Approved Draft 1971) states:
   5.2 Control and direction of the case.

(a) Certain decisions relating to the conduct of the case are ultimately for the accused and others are ultimately for defense counsel. The decisions which are to be made by the accused after full consultation with counsel are: (i) what plea to enter; (ii) whether to waive jury trial; (iii) whether to testify in his own behalf.
   (b) The decisions on what witnesses to call, whether and how to conduct cross-examination, what jurors to accept or strike, what trial motions should be made, and all other strategic and tactical decisions are the exclusive province of the lawyer after consultation with his client.

10. That is not the only defect in the rule. It sets out alternate times for the exercise of the right, "[a]t the time required for filing the omnibus hearing form, or within five days after a judge is assigned the case for the first time" but does not specify which alternative controls. We are requesting our standing committee on criminal rules to suggest a revision of Rule 25(d) which covers the situation here presented.

11. Alaska R.Crim.P. 53 provides:
    *Relaxation of Rules.*
    These rules are designed to facilitate business and advance justice. They may be relaxed or dispensed with by the court in any case where it shall be manifest to the court that a strict adherence to them will work injustice.

promptly upon receiving the notice of appointment, ordering a change of judge would not have caused more disruption or delay than if the challenge had been made within five days after arraignment.

The order of the Superior Court affirming the orders of the District Court is reversed.