728 P.2d 691

**Luciano NEVAREZ, Petitioner,**

v.

**SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF COCHISE; Hon. James L. Riley, a Judge thereof, Respondents,**

**and**

**The STATE of Arizona, Real Party in Interest.**

**No. 2 CA–SA 0446.**

Court of Appeals of Arizona, Division 2, Department A.

Nov. 10, 1986.

Desens & Behrens by Edward W. Match-ett, Bisbee, for petitioner.

Alan K. Polley, Cochise Co. Atty. by Patrick M. Elliston, Bisbee, for real party in interest.

### OPINION

FERNANDEZ, Judge.

This special action was taken from the order of the trial court denying petitioner's request for change of judge pursuant to Rule 10.2, Rules of Criminal Procedure, 17 A.R.S. The issue presented, the effect of periods in which a defendant is unrepresented by counsel on the running of the ten-day period under the rule, is one of statewide importance. Further, petitioner has no equally plain, speedy or adequate remedy by way of appeal. For these reasons, and because we conclude that the trial court abused its discretion in refusing to honor the notice, we assume jurisdiction and grant relief.

The following facts are pertinent to our decision. Petitioner was indicted on July 25, 1986, on three charges and was served with a summons on August 1. He was arraigned on August 11, and the public defender was appointed on that date to represent him. After discovering a conflict of interest, however, the public defender filed a motion to withdraw on August 14 which was granted on August 18. For reasons which do not appear of record, present counsel was not appointed until August 27. The notice of change of judge was filed on August 29 and summarily denied as untimely on September 2. Petitioner then filed a motion for reconsideration, which was also denied after a hearing. This special action followed.

Rule 10.2(c) provides in pertinent part:

A notice of change of judge shall be filed, or informal request made, within 10 days after any of the following:

(1) Arraignment, if the case is assigned to a judge and the parties are given actual notice of such assignment at or prior to the arraignment. . . .

Under a strict application of this rule, petitioner's request was untimely. He argues, however, that the period should be tolled during periods when a defendant who is not representing himself does not have the assistance of counsel. Since he was without legal representation for three days of the 10–day period because of the court's failure to appoint substitute counsel, and since the notice was filed two days after counsel's appointment, he argues that the notice should not have been found to be untimely. We agree.

In *State v. Poland,* 144 Ariz. 388, 698 P.2d 183 (1985), aff'd, —— U.S. ——, 106 S.Ct. 1749, 90 L.Ed.2d 123 (1986), our supreme court recognized that "strict compliance with a rule like ours can be waived where the peremptory challenge is made diligently and as soon as practicable." 144 Ariz. at 394, 698 P.2d at 189, citing *Riley v. State,* 608 P.2d 27 (Alaska 1980). *Riley* presents a factual situation very similar to the instant case. In *Riley,* the Supreme Court of Alaska noted that the purpose of the time limitation was to avoid the delay, disruption and waste of judicial time which

would result if peremptory challenges were not made at an early date in the proceedings. The court noted as follows:

> The decision whether or not to peremptorily excuse an assigned judge is a strategic one which should ordinarily be made by a lawyer after consultation with his client. Typically a non-lawyer will not have sufficient information concerning the assigned judge to make an intelligent decision as to whether the judge should be excused.

608 P.2d at 29. Finding that the defendants in that case had not had counsel appointed to represent them until after the expiration of the time permitted by the Alaska rule for filing a peremptory challenge, the court held that the trial court abused its discretion in refusing to honor the request. The court reasoned as follows:

> The right to peremptorily challenge a judge is sufficiently important so that it should not be lost by inaction before there is an opportunity to confer with an attorney. And, in this case, since counsel exercised the right promptly upon receiving the notice of appointment, ordering a change of judge would not have caused more disruption or delay than if the challenge had been made within five days after arraignment.

608 P.2d at 29–30.

We agree with the analysis of the Alaska court and find that the same considerations apply here. Apart from the question of whether the public defender consulted with petitioner prior to his withdrawal, the fact remains that petitioner was without any representation for at least three days before the time for filing the notice expired. Further, subsequently-appointed counsel did file the notice within two days of his appointment and within the 10 days provided in the rule. Under these circumstances, we hold that the trial court abused its discretion in refusing to honor the notice.

The order of the trial court is vacated, and the cause is remanded for reassignment in accordance with Rule 10.5(a), Rules of Criminal Procedure, 17 A.R.S.

HATHAWAY, C.J., and HOWARD, P.J., concur.