Thomas WRIGHT, Appellant,

v.

STATE of Alaska, Appellee.

No. A–8120.

Court of Appeals of Alaska.

Jan. 4, 2002.

_____

3. *Covington v. State,* 938 P.2d 1085, 1090–91 (Alaska App.1997) (citations omitted).

Allan Beiswenger, Robinson & Beiswenger, Soldotna, for Appellant.

David L. Brower, Assistant District Attorney, Richard A. Svobodny, District Attorney, and Bruce M. Botelho, Attorney General, Juneau, for Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

*OPINION*

MANNHEIMER, Judge.

Thomas Wright stands charged with two misdemeanors in the Yakutat district court (driving while intoxicated and refusing to submit to a breath test). At Wright's arraignment on June 14, 2001, his case was assigned to District Court Judge Peter B. Froehlich. Almost three months later, on September 7, 2001, Wright's attorney filed a peremptory challenge of Judge Froehlich under Alaska Criminal Rule 25(d). Judge Froehlich ruled that this challenge was untimely. Wright now appeals this ruling.[1]

Under Criminal Rule 25(d)(2), litigants must exercise a peremptory challenge of the trial judge within "five days after notice that the case has been assigned to [that] specific judge". At Wright's arraignment on June 14th, the magistrate distributed a Temporary Order of Commitment that was stamped, in red ink, "This matter is formally assigned to Peter B. Froehlich, District Court Judge." Thus, it appears that Wright knew immediately (*i.e.,* from the time of his arraignment) that Judge Froehlich was assigned to his case.

Wright, however, relies on *Riley v. State,* 608 P.2d 27 (Alaska 1980), where the supreme court ruled that a defendant should have the chance to consult counsel about whether to peremptorily challenge the assigned judge—and that the deadline for filing a peremptory challenge should be relaxed if the defendant had no opportunity to discuss this matter with their attorney within the normal five-day period.[2]

Wright asserts that his attorney, David G. Speikers, did not find out about Judge Froehlich's assignment until Speikers attended a pre-trial hearing on August 30th. Based on this fact, Wright argues that he was entitled to a reasonable amount of time after August 30th—in this case, seven days— to consult with Speikers about the desirability of challenging Judge Froehlich.

If, as Wright suggests, the Rule 25(d) "clock" should be deemed to have commenced running on August 30th, then, under Criminal Rule 40(a), August 31st would be Day 1 of the five-day count.[3] This means that a September 7th peremptory challenge would be timely—for Criminal Rule 40(a) states that intervening weekend days and holidays are to be disregarded when calculating a deadline of less than seven days. August 31st was a Friday; Saturday and Sunday are never counted; and the following Monday, September 3rd, was a holiday (Labor Day). Thus, Tuesday, September 4th, would be Day 2, and September 7th would be Day 5.

█ However, we do not agree with Wright that the five days should be counted from August 30th. Wright's attorney, David Speikers, filed an entry of appearance on August 8, 2001. (Actually, Speikers filed a motion for permission to appear: he is a member of the Washington bar and is not licensed to practice law in Alaska, so he needed special permission to represent a client in the courts of Alaska. Speikers's formal entry of appearance was not filed until August 23rd. But for present purposes, this makes no difference.)

Because Speikers filed a pleading on August 8th in which he indicated his intention to represent Wright, we can assume that Wright contacted Speikers on or before that

---

**1.** *See* Alaska Appellate Rule 216; *Washington v. State,* 755 P.2d 401, 403 (Alaska App.1988) (holding that an interlocutory appeal under Appellate Rule 216 is the exclusive method for seeking review of a trial judge's denial of a peremptory challenge).

**2.** *See id.* at 29–30.

**3.** Criminal Rule 40(a) states that, unless a particular rule specifies otherwise, "in computing any period of time, the day of the act or event from which the designated period of time begins to run is not to be included [in the calculation]".

date. When Wright contacted Speikers, Wright already knew that Judge Froehlich was assigned to his case. Thus, Wright had the opportunity to discuss Froehlich's assignment with his attorney for at least 30 days prior to September 7th (the day the peremptory challenge was filed).

In his pleadings, Wright asserts that Speikers did not actually find out about Judge Froehlich's assignment until August 30th. But if this is true, Judge Froehlich could reasonably conclude that Speikers's ignorance of the assignment stemmed from two facts: (1) Wright did not tell Speikers about Judge Froehlich's assignment, and (2) Speikers failed to ask his client whether a judge had been assigned to the case.

■ We conclude that *Riley* does not excuse the tardiness of a peremptory challenge when, after the defendant secures counsel, the defendant and counsel fail to diligently pursue the potential peremptory challenge. In the present case, even assuming the truth of the assertions in Wright's pleadings, Wright failed to establish that he and his attorney acted diligently after August 8th (the day on which Speikers became actively involved in Wright's case) to exercise a peremptory challenge.

The ruling of the district court is AFFIRMED.