**Herman J. BLACK, Appellant,**

v.

**STATE of Alaska, Appellee.**

No. A–8613.

Court of Appeals of Alaska.

Aug. 29, 2003.

---

Tim Cook, Anchorage, for Appellant.

Richard K. Payne, Assistant District Attorney, and Roman J. Kalytiak, District Attorney, Palmer, and Gregg D. Renkes, Attorney General, Juneau, for Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

1. AS 28.35.030(a).

2. *See* Alaska R.Crim. P. 25(d) & AS 22.20.022.

3. Alaska Appellate Rule 216 provides for an expedited peremptory challenge appeal when a

*OPINION*

COATS, Chief Judge.

Herman J. Black is charged with driving under the influence of an alcoholic beverage.[1] Prior to trial, he attempted to peremptorily challenge District Court Judge Joel Bolger.[2] Judge Bolger denied the challenge, finding that it was untimely. Black appeals, claiming that his challenge was timely because he placed it in the mail within the five-day period set out in Criminal Rule 25(d)(2).[3] We agree with Judge Bolger that a challenge is not filed when it is mailed but only when it is received. We therefore affirm his decision that the challenge was untimely.

Black also argues that under Criminal Rule 53, Judge Bolger should have relaxed the five-day filing period. But because Black presented no evidence to support his claim that Judge Bolger should relax the filing period under Rule 53, we find no error. Accordingly, we affirm Judge Bolger's denial of Black's peremptory challenge.

*Discussion*

■ Black's appeal raises the following question: When is a pleading "filed" in a trial court? Black argues that a pleading is filed when it is mailed to the court. The State disagrees, arguing that a pleading is filed when it is received by the clerk of the appropriate trial court. As explained here, we agree with the State for two reasons.

First, the State's position is supported by the Alaska Supreme Court's decision in *Silides v. Thomas*,[4] a case involving an election law filing requirement. There, the supreme court rejected an argument similar to Black's.

In *Silides*, a disqualified election candidate claimed, among other things, that he had complied with AS 15.13.060(c), which required that "[e]ach candidate shall file the name and address of the campaign treasurer with the [Alaska Public Offices] [C]ommis-

judge denies a criminal defendant's motion for a change of judge under Criminal Rule 25(d).

4. 559 P.2d 80 (Alaska 1977).

sion no later than seven days after the date of filing his declaration of candidacy or his nominating petition." [5] The disqualified candidate argued that he had complied with this statute because his campaign treasurer had, within the seven-day period, telephoned the Anchorage office of the Alaska Public Offices Commission and informed the Commission that he was serving as treasurer for the candidate's election campaign.[6]

The supreme court disagreed:

The definition of 'file' is well established in the law. It has been consistently held that a document is filed only when the proper office has received it, and that it is not considered filed when it is deposited in the mails. Given the text of AS 15.13.060(c), the legal meaning of the term 'file' and our adoption of the doctrine that statutory election deadlines are to be strictly enforced, . . . [the] telephone conversation cannot be deemed an appropriate filing within the intendment of AS 15.13.060(c).[7]

Although *Silides* involved an election law statute that the court strictly construed, the cases *Silides* relied on to support its conclusion that mailing is not filing cover a variety of circumstances. For instance, *Blades v. United States*[8] involved a request for reclassification mailed to the Selective Service Board. There, the court ruled that the request was not filed upon mailing: "Although the regulations are not explicit on this point, we hold that a document has not been 'filed with' or 'returned to' a local board until it has been actually received by it. Mere mailing is not enough." [9]

Similarly, in *United States v. Easement and Right of Way*,[10] a condemnation case, the court held that a land owner's exception challenging the amount of his compensation was not timely: "Defendant's contention that mailing of an exception constitutes filing is . . . without merit. The act of depositing the

exception in the mail is not a filing. A filing takes place only when the Clerk acquires custody." [11]

Likewise, in *Wirtz v. Hod Carriers Local 169*,[12] a case involving a labor union election, the court said: "The use of the word 'file' or 'filing' in a legal sense is almost universally held to mean the delivery of the paper or document in question to the proper office and its receipt by him to be kept on file. A document is not filed when it is deposited in the mails and the risk of loss or delay in transit is on the sender." [13]

In each of these cases, a person was required to file a document with a government office by a specified deadline. In each case, the court rejected the claim that the document was timely filed if it was mailed before the deadline—holding instead that "filing" refers to the receipt of the document.

Based on these cases, we conclude that the *Silides* holding is not limited to Alaska's election laws in Title 15. Rather, *Silides* declares a common-law rule of general application: the rule that a document is "filed" when it is received by the pertinent court or office.

In this appeal, Black relies on Alaska Appellate Rule 502(d), which states that, for papers filed in the appellate courts of this state, "[t]he date of mailing . . . will be deemed to be the date of filing." Appellate Rule 502(d) alters the common-law rule defining when a pleading is deemed "filed." But Rule 502(d) applies only to pleadings that must be filed in the appellate courts. There is no corresponding civil or criminal rule that codifies a similar deviation from the common law for pleadings that must be filed in the trial courts of this state. Thus, pleadings in the superior court and the district court are still governed by the common-law rule that a document is "filed" when it is received by the court, not when it is mailed.

5. *Id.* at 88 & 84 n. 7.

6. *Id.* at 87–88.

7. *Id.* at 88 (internal citation omitted).

8. 407 F.2d 1397 (9th Cir.1969).

9. *Id.* at 1399.

10. 386 F.2d 769 (6th Cir.1967).

11. *Id.* at 771.

12. 246 F.Supp. 741 (D.Nev.1965).

13. *Id.* at 750 (citation omitted).

Under Criminal Rule 25(d)(2), Black's peremptory challenge of Judge Bolger had to be filed by May 15th (that is, "within five days after notice that the case [had] been assigned" to Judge Bolger for trial). Black's attorney mailed the peremptory challenge to the district court on May 15th, but it was not received until May 19th. Judge Bolger correctly ruled that the challenge was filed on May 19th—and that, accordingly, the challenge was untimely.[14]

Black next argues that Judge Bolger should have considered the peremptory challenge timely under Criminal Rule 53, which allows a judge to relax the criminal rules in "any case where it shall be manifest to the court that a strict adherence to them will work injustice." In his motion below, Black cursorily requested that "the Court, in its discretion, grant the Defendant's 'Motion for a Change of Judge.'" Even had Judge Bolger interpreted this as a request under Rule

53 to relax Rule 25(d)(2)'s five-day period, Black was not entitled to the relief he sought. While Criminal Rule 53 allowed Judge Bolger to relax the time limits of Criminal Rule 25(d) to avoid injustice,[15] Black still had the burden of presenting evidence to support his claim that the filing period should have been relaxed because he had to file his challenge by mail.[16] Black, however, presented no evidence to support his claim. Based on this record, we conclude that no error occurred.

*Conclusion*

The district court's decision is AF-FIRMED.

---

**14.** *See* Criminal Rule 25(d)(4).

**15.** *Cf. Riley v. State,* 608 P.2d 27, 29–30 (Alaska 1980) (holding that the district court abused its discretion by not relaxing Criminal Rule 25 where the defendants showed that they were unable to consult with an attorney to determine whether to exercise a peremptory challenge).

**16.** *Cf. Washington v. State,* 755 P.2d 401, 404 (Alaska App.1988) (holding that the superior court did not abuse its discretion in declining to relax the time limit in Criminal Rule 25(d)(2) where the defendant failed to show that he was late in receiving notice of the judge's appointment or that his counsel acted promptly to challenge the appointment).