**Ruple SMITH, Appellant,**

v.

**STATE of Alaska, Appellee.**

No. A–5489.

Court of Appeals of Alaska.

Dec. 23, 1994.

Donna J. McCready, Asst. Public Advocate, and Brant G. McGee, Public Advocate, Anchorage, for appellant.

Sharon A.S. Illsley, Dist. Atty., Kenai, and Bruce M. Botelho, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and MANNHEIMER, JJ.

*OPINION*

MANNHEIMER, Judge.

Ruple Smith stands indicted for sexual assault and sexual abuse of a minor. During his initial appearance before Superior Court Judge Jonathan H. Link, Smith attempted to peremptorily challenge Judge Link, but the judge ruled that Smith's challenge was premature because the case had not yet been assigned to a judicial officer for trial. Judge Link proceeded to set bail, to schedule a pretrial hearing, and to rule on pre-trial matters involving discovery. Smith appeals Judge Link's refusal to honor Smith's peremptory challenge.

As a preliminary matter, the State argues that any error is harmless and that Smith's appeal is now moot. The State points out that, in the weeks since Smith filed this appeal, Judge Link formally assigned Smith's case to himself. Smith again challenged Judge Link, and Judge Link honored this challenge. Smith's case has now been assigned to another superior court judge. The State contends that, even if Judge Link should have honored Smith's earlier peremptory challenge, the fact that Judge Link has honored Smith's renewed challenge means that Smith's appeal is moot—that the issues Smith wishes to litigate on appeal will not affect the course of the proceedings in the superior court. We disagree.

Because Judge Link has already issued rulings on pre-trial matters, Smith's appeal is not moot. If Judge Link was authorized to ignore Smith's peremptory challenge and to issue pre-trial rulings in Smith's case, then Judge Link's pre-trial rulings would remain valid even if Smith now exercises a peremptory challenge and gets a new judge. Under this hypothetical state of affairs, Judge Link's pre-trial rulings would be presumptively binding throughout the case, and Smith assumedly would have to show good cause under Criminal Rule 42(k) before another judge could reverse those rulings. However, if Smith was entitled to exercise a peremptory challenge when he first appeared in front of Judge Link, then the judge's subsequent pre-trial rulings would be invalid and Smith would be entitled to relitigate those issues de novo.

We therefore turn to the merits of Smith's argument. Under Alaska Criminal Rule 25(d), litigants are "entitled as a matter of right to one change of judge". A challenge to a judge under Rule 25(d) is "peremptory"—that is, the litigant need not demonstrate good cause for the judge's recusal or disqualification. Rule 25(d)(2) declares that a peremptory challenge must be made "within five days after notice that the case has been assigned to a specific judge".

In the present case, Judge Link apparently read this language to mean that a peremptory challenge can not be made until a case is assigned to a specific judge. Such an interpretation is inconsistent with the supreme court's decision in *Gieffels v. State*, 552 P.2d 661 (Alaska 1976). In *Gieffels*, the defendant sought to challenge the judge who was conducting his arraignment. The judge refused to honor the peremptory challenge, declaring that the defendant's arraignment was merely a "procedural matter". *Gieffels*, 552 P.2d at 664.

The supreme court reversed the trial judge's decision. The court noted that, even before a judge is formally assigned to a case, a litigant may be prejudiced by the judge's pre-trial rulings:

> Normally, calendaring orders and other [purely] procedural matters ... do not directly affect the ultimate disposition of the case. On the other hand, rulings on points of law regarding such matters as search and seizure, sufficiency of the indictment[,] and other pre-trial legal decisions could be affected by bias or interest and would have a direct effect on the ultimate disposition of a defendant's case.
>
> . . . .
>
> [Even calendaring may,] under some circumstances[,] affect [a litigant's] substantial rights. . . . Therefore, if calendaring becomes a disputed issue, it should be immediately referred to another judicial officer.
>
> . . . .
>
> [Moreover, even though] bail questions generally have no bearing on the process that determines the guilt or innocence of a defendant[,] ... we have consistently recognized the importance of ... bail[.] Inability to meet bail requirements could cause incarceration interfering with a defendant's preparation of his [or her] defense. We ... recognize that allowing a challenged judge to resolve disputed questions surrounding bail can possibly lead to an unjust temporary imprisonment of an individual. Therefore, if the amount of bail or the conditions [of bail] are disputed issues, the setting of bail should be immediately referred to another judicial officer. Furthermore, the defendant should be ad-

vised of his [or her] right to have bail heard by another judge.

*Gieffels*, 552 P.2d at 669–670.

After the decision in *Gieffels*, it is clear that the scope of peremptory challenge is not limited to judges who have been formally assigned to the case. Rather, the right of peremptory challenge is designed to protect a litigant against a judge's participation in any stage of the proceedings in which "actions [are taken that] could interfere with the right of a defendant to a fair disposition of [the] case". *Gieffels*, 552 P.2d at 669.

We therefore hold that Judge Link should have honored Smith's peremptory challenge. Under Criminal Rule 25(d)(3), Judge Link should have "proceed[ed] no further in the action, except to make such temporary orders as [might] be absolutely necessary to prevent immediate and irreparable injury before the action [could] be transferred to another judge". Under Rule 25(d)(3), if no other judge was immediately available, Judge Link was authorized to take such steps as obtaining counsel for Smith, scheduling Smith's next court appearance, and setting Smith's bail—although the judge was also obliged to inform Smith of his right to have bail reviewed by the new judge.

The decision of the superior court is RE-VERSED. Judge Link's pre-trial discovery orders are vacated. And, as indicated above, Smith is also entitled to have another judge reconsider bail.