NOTICE

*The text of this opinion can be corrected before the opinion is published in the* Pacific Reporter. *Readers are encouraged to bring typographical or other formal errors to the attention of the Clerk of the Appellate Courts:*

*303 K Street, Anchorage, Alaska 99501*
*Fax: (907) 264-0878*
*E-mail: corrections@akcourts.us*

IN THE COURT OF APPEALS OF THE STATE OF ALASKA

| | |
|---|---|
| DANIEL MATTHEW McMULLEN, | Court of Appeals No. A-12955 |
| Appellant, | Trial Court No. 3PA-17-1209 CR |
| v. | |
| | O P I N I O N |
| STATE OF ALASKA, | |
| Appellee. | No. 2609 — July 27, 2018 |

Appeal from the District Court, Third Judicial District, Palmer, David Zwink and Vanessa White, Judges.

Appearances: Windy Hannaman (initial brief) and Renee McFarland (supplemental brief), Assistant Public Defenders, and Quinlan Steiner, Public Defender, Anchorage, for the Appellant. Donald Soderstrom, Assistant Attorney General, Office of Criminal Appeals, Anchorage, and Jahna Lindemuth, Attorney General, Juneau, for the Appellee.

Before: Mannheimer, Chief Judge, and Allard and Wollenberg, Judges.

Judge WOLLENBERG.

Daniel Matthew McMullen appeals the denial of his judicial peremptory challenge.[1]  Under Alaska Criminal Rule 25(d), the prosecution and the defense in a criminal case are each entitled to one change of judge as a matter of right.  In this case, the court denied McMullen's challenge of District Court Judge John W. Wolfe on the ground that McMullen had previously exercised a peremptory challenge against a different judge, Superior Court Judge Kari Kristiansen.

On appeal, McMullen argues that his prior peremptory challenge never took effect because, two days after he challenged Judge Kristiansen, and before his case was reassigned to another judge, the State dismissed the only pending felony charge against him.  At the next scheduled hearing, his case (which now consisted of a single misdemeanor charge) was assigned to Judge Wolfe, whom McMullen promptly challenged.  McMullen argues that since his initial peremptory challenge of Judge Kristiansen was never ruled on, that challenge became moot once the felony count was dismissed and his case was reassigned to a district court judge.  Thus, McMullen contends that he was entitled to exercise a new peremptory challenge.

However, for the reasons explained in this opinion, we disagree with the premise that McMullen's peremptory challenge of Judge Kristiansen became moot once the State dismissed the felony charge.  Accordingly, McMullen's timely challenge of Judge Kristiansen remained effective, and he was not entitled to exercise a second challenge against Judge Wolfe.

We therefore affirm the denial of McMullen's peremptory challenge of Judge Wolfe.

---

[1]  *See* Alaska R. App. P. 216(a)(2).

*Underlying facts*

In July 2017, McMullen was charged with one count of second-degree misconduct involving a controlled substance, a class B felony,[2] and one count of fourth-degree misconduct involving a controlled substance, a class A misdemeanor.[3] At McMullen's first appearance, District Court Judge William Estelle assigned a superior court judge, Judge Kristiansen, to the case for trial, and he scheduled a preliminary hearing in the district court.[4]

Two days later, McMullen filed a timely "Notice of Change of Judge" form, peremptorily challenging Judge Kristiansen.[5]

Before McMullen's case was reassigned to another superior court judge, the State dismissed the felony charge against McMullen, leaving only the misdemeanor charge pending. Accordingly, when the parties appeared in court for what would have been the felony preliminary hearing, Judge Estelle reassigned McMullen's case to a district court judge, Judge Wolfe, and set the case for a district court pretrial conference.

That same day, McMullen filed a second Notice of Change of Judge, this time challenging Judge Wolfe.

District Court Judge David Zwink — and Superior Court Judge Vanessa White, on reconsideration — denied McMullen's challenge of Judge Wolfe, ruling that McMullen had already exercised his one peremptory challenge allowed by Criminal Rule 25(d) when he challenged Judge Kristiansen.

---

[2]   AS 11.71.030(a)(1)(C) & (d).

[3]   AS 11.71.050(a)(4) & (b).

[4]   Alaska R. Crim. P. 5(e)(2).

[5]   *See* AS 22.20.022(c); Alaska R. Crim. P. 25(d).

McMullen now appeals the denial of his peremptory challenge of Judge Wolfe.

*A preliminary question regarding the validity of the initial assignment to Judge Kristiansen*

Following the initial briefing in this case, we asked the parties to file supplemental briefing on the following question: whether the pre-indictment assignment of McMullen's case to a superior court judge constituted a valid assignment for purposes of exercising a peremptory challenge in a felony case. Under AS 22.20.022(c) — the statute establishing a substantive right to peremptorily disqualify a judge — a peremptory challenge must, absent good cause, "be filed within five days after the case is at issue upon a question of fact, or within five days after the issue is assigned to a judge, whichever event occurs later." Under the Alaska Supreme Court's decision in *Morgan v. State*, and this Court's decision in *State v. Watt*, McMullen's pre-indictment felony case was not yet "at issue on a question of fact" in the superior court for purposes of AS 22.20.022(c).[6]

In their supplemental briefing, both parties agree that McMullen's case was validly assigned to Judge Kristiansen while his case was still in pre-indictment status, and that McMullen could properly challenge Judge Kristiansen at that time. The parties point to a footnote in *Morgan*, in which the supreme court stated:

> [W]e do not mean to indicate that a peremptory challenge filed in the earlier felony complaint proceeding would not have been effective in the subsequent indictment proceeding. But we do think that Morgan was entitled to rely on the wording of the rule, and exercise his peremptory rights within

---

[6] *Morgan v. State*, 635 P.2d 472 (Alaska 1981); *Watt v. State*, 61 P.3d 446 (Alaska App. 2003).

the five-day period as applied to the indictment, rather than as applied to the earlier felony complaint which was not pursued.[7]

This footnote convinces us that this case does not hinge on the timing of Judge Kristiansen's assignment. As we noted in *Smith v. State*, a party's right to peremptorily challenge a judge "is not limited to judges who have been formally assigned to the case"; a party may exercise a peremptory challenge even prior to an official assignment.[8] Thus, even absent a formal assignment of this case to Judge Kristiansen at McMullen's first appearance, McMullen could validly exercise a peremptory challenge of Judge Kristiansen.

We therefore agree with the parties that the real question in this appeal is whether McMullen's peremptory challenge of Judge Kristiansen was effective in light of subsequent events.

### *Why we conclude that McMullen's challenge of Judge Wolfe was properly denied*

On appeal, McMullen argues that his peremptory challenge of Judge Kristiansen was rendered moot when, prior to a ruling on his challenge, the State dismissed the only pending felony charge against him and his case was reassigned to a district court judge. McMullen argues that, as a result, he was entitled to exercise a new peremptory challenge against Judge Wolfe.

---

[7] *Morgan*, 635 P.2d at 476 n.5.

[8] *Smith v. State*, 887 P.2d 979, 981 (Alaska App. 1994) (citing *Gieffels v. State*, 552 P.2d 661, 669 (Alaska 1976)); *cf. Schmid v. Miller*, 619 P.2d 1, 2 (Alaska 1980) (concluding that the defendant's peremptory challenge was timely filed since it preceded the judge's official assignment to the case).

The underlying premise of McMullen's argument is that a peremptory challenge is not self-executing, but instead must be "ruled on" to determine whether it is timely, to ensure that the party has not already exercised a challenge, and to determine whether the party has waived the challenge by participating in certain substantive proceedings in front of the challenged judge.[9]

In contrast, the State argues that McMullen's challenge of Judge Kristiansen took effect immediately upon its filing. The State's argument is premised on the notion that when an apparently timely challenge is made, the challenged judge must be immediately removed from the case (with limited exceptions).[10] The State therefore contends that McMullen had already exhausted his sole peremptory challenge by the time his case was reassigned to Judge Wolfe.

We need not resolve the question of precisely *when* a peremptory challenge becomes effective. Even if we concluded that a peremptory challenge does not become effective until there has been a formal ruling as to its validity (which in this case occurred after the State dismissed the felony charge), we disagree with McMullen that the transfer of his case to the district court rendered his challenge of Judge Kristiansen moot.

A superior court judge is authorized to preside over trials in both the superior court and the district court.[11] Thus, McMullen's challenge of Judge Kristiansen was not moot after the transfer of his case to the district court; Judge Kristiansen could

---

[9]  *See* Alaska R. Crim. P. 25(d) (setting out the procedural requirements for a judicial peremptory challenge).

[10]  *See* Alaska R. Crim. P. 25(d)(3) ("When a request for change of judge is timely filed under this rule, the judge shall proceed no further in the action, except to make such temporary orders as may be absolutely necessary to prevent immediate and irreparable injury before the action can be transferred to another judge.").

[11]  *See* AS 22.10.020(a); AS 22.15.060(b).

still have been his trial judge, or she could have covered for Judge Wolfe in a pretrial hearing or other proceeding.[12]

Additionally, Judge Kristiansen might still have heard McMullen's case if the State later decided to indict McMullen on the dismissed felony charge and the case was transferred to the superior court. As the Alaska Supreme Court has recognized, "where two proceedings involve the same defendant and the necessity of proving the same facts and issues, a judge who was peremptorily challenged in the prior proceeding is automatically disqualified at any proceeding against the defendant at which those same charges are at issue."[13] As we noted earlier, the supreme court in *Morgan* relied on this language to conclude that a peremptory challenge filed against a superior court judge at the felony complaint stage would be effective in a subsequent post-indictment proceeding in the same case.[14] This fact gives McMullen's challenge of Judge Kristiansen ongoing effect.[15]

McMullen argues that because no one acted on his peremptory challenge of Judge Kristiansen while his case was still in the superior court, he was deprived of his

---

[12]  *See, e.g.*, *Juarez v. State*, 193 P.3d 773, 774-75 (Alaska App. 2008) (superior court judge assigned misdemeanor case to himself for trial).

[13]  *See Morgan v. State*, 635 P.2d 472, 476 n.5 (Alaska 1981) (citing *McKinnon v. State*, 526 P.2d 18, 25 (Alaska 1974)); *see also State v. Galbraith*, 199 P.3d 1216, 1219 (Alaska App. 2009) (holding that where the original indictment was dismissed due to the defendant's incompetence to stand trial, and a subsequent indictment was issued, the judge who was removed from the original proceedings due to a peremptory challenge remained disqualified in the later proceedings on the second, identical indictment).

[14]  *Morgan*, 635 P.2d at 477-78.

[15]  *See Fairbanks Fire Fighters Ass'n, Local 1324 v. Fairbanks*, 48 P.3d 1165, 1167 (Alaska 2002) (noting that an issue is moot only if "it is no longer a present, live controversy, and the party bringing the action would not be entitled to relief, even if it prevails").

right to a peremptory challenge under Criminal Rule 25(d). But we see no reason to treat a defendant whose case is quickly reassigned to another superior court judge differently from a defendant whose case reassignment is slightly delayed.[16] Neither the fact that a criminal case is transferred from the superior court to the district court nor the timing of that transfer entitles a party to an additional challenge.

We acknowledge that, absent a future indictment in this case, the *likelihood* of Judge Kristiansen sitting on McMullen's case in lieu of Judge Wolfe is low, since there are two other district court judges in Palmer. But this would not necessarily be true in a smaller court location, where there is only one district court judge. In these locations, a successful peremptory challenge of the district court judge assigned to the case after dismissal of the felony charges could result in reassignment of the case to the very superior court judge that the defendant originally sought to remove from the case.[17]

We note that under current law (the *Watt* and *Morgan* decisions that we discussed earlier), McMullen could have waited to exercise his peremptory challenge until after he was indicted. Had McMullen refrained from challenging Judge Kristiansen, he would have been entitled to either challenge Judge Wolfe when his case became a misdemeanor case and was assigned to the district court, or to challenge Judge Kristiansen if he was subsequently indicted on the felony charge and his case was

---

[16] *Cf. Hickox v. Superior Court*, 505 P.2d 1086, 1089 (Ariz. App. 1973) (despite expiration of judge's pro tem service two weeks after party filed peremptory challenge against that judge, party not entitled to have right to peremptory challenge reinstated, even though subsequent events essentially rendered that challenge unnecessary).

[17] See, for example, *Michael v. State*, 2016 WL 4937867 (Alaska App. Sept. 14, 2016) (unpublished), in which pretrial hearings in a Bethel misdemeanor case were held before a superior court judge before being assigned to a district court judge for trial.

transferred to the superior court for arraignment on that indictment.[18]  At that point, McMullen's case would have been "at issue upon a question of fact" in the superior court.  And, assuming McMullen had not previously exercised a peremptory challenge, or waived his right to challenge Judge Kristiansen by participating before her in any of the substantive proceedings set out in Criminal Rule 25(d)(5), the five-day time limit for challenging Judge Kristiansen would have started anew.

But because McMullen *did* challenge Judge Kristiansen, he exhausted the one peremptory challenge to which he is entitled.  He was not thereafter entitled to exercise another peremptory challenge against a different judge.

*Conclusion*

We AFFIRM the denial of McMullen's peremptory challenge of Judge Wolfe.

---

[18]  *Watt*, 61 P.3d at 447-48; *see also Morgan*, 635 P.2d at 476-77.